OPINION OF THE COURT
Emmett J. Schnepp,
Based upon the findings made by this court, the facts of the case can be stated briefly. Stanndco . Developers, Inc. (Stanndco), the developer of an apartment house project, formed a limited partnership to syndicate the sale of the project. The partnership, Meadowbrook Farm Apartments (Meadowbrook), consisted of 24 equal shares in the project of which one share was held by Stanndco, the sole general partner and managing agent of the partnership. The remaining shares were sold to the individual defendants, except Quigley, the cheif executive officer of Stanndco, who guaranteed certain notes. During December, 1970, the defendant limited partners executed personal promissory notes to Meadowbrook aggregating to $101,000, as part of the purchase price for their shares in the partnership. The notes, which constituted a part of the capital assets of the partnership, were all due and payable on December 1, 1975.
Although it appears that Stanndco transferred only 114 apartment units to Meadowbrook, no credible evidence was submitted by defendants establishing either their reliance on or any damage resulting from Stanndco’s representation that the project consisted of 116 units. Absent these elements, no defense of fraud and deceit could be asserted against plaintiff "in an action on simple contract” under section 3-306 of the Uniform Commercial Code. The defendants also failed to prove damage resulting from the failure of Stanndco to maintain in a trust fund the security deposits collected from the tenants of the project, which it allegedly used for its own purposes. Similarly, this defense must fail.
On or about May 1, 1973 Stanndco sought to borrow $101,-000 from plaintiff using the partnership notes as collateral. Plaintiff, however, agreed to purchase the notes at a discount. Pursuant to plaintiff’s instructions, Stanndco as general partner indorsed the notes from Meadowbrook to itself in its corporate capacity, without the written consent or ratification of all the limited partners in violation of section 98 of the Partnership Law, and then to plaintiff. The proceeds from the sale were used solely for the general corporate purposes of Stanndco. At the bank’s direction two estoppel certificates, one *66 from Stanndco and the other from Meadowbrook, were delivered to plaintiff. Both certificates were signed by the defendant Traynor in his representative capacity as treasurer of Stanndco.
The court has found that plaintiff took the instruments in question for value, with notice of a claim against them. Plaintiff had knowledge that Stanndco was negotiating the instruments in a transaction for its own benefit, without authority, and in breach of its duty as a fiduciary. Plaintiff knew from the outset of the transaction, when Stanndco first approached it for a corporate loan, that the notes were not being used by Stanndco for a partnership purpose. The mere fact that a note is purchased for an amount less than its face value is not of itself sufficient to charge the purchaser with notice of existing equities, but it is a factor to be considered along with other factors as evidence of bad faith.[1] In the face of these facts, plaintiff acted in bad faith. Chemical Bank had actual knowledge or knowledge of facts sufficient to impute notice on the infirmities, defects and defenses to the instrument. In short, plaintiff, having taken the notes with notice and in bad faith, is not entitled to the rights of a holder in due course. (Uniform Commercial Code, § 3-304, subd [2].)
In this action to recover on the notes, the central issue presented to this court is whether the claim of breach of fiduciary duty is available as a defense to these defendant makers and limited partners against the plaintiff holder.
It is held that plaintiff takes subject to the defendants’ claim that the notes were negotiated for the individual purpose of a general partner in breach of its fiduciary duty. Plaintiff, a nonholder in due course, may not recover on the notes against the defendant makers, except in the case of the defendant Traynor, where outweighing equities exist in favor of plaintiff.
Plaintiff’s argument that this defense may only be asserted by Meadowbrook, which has neither intervened in nor defended the action, is not compelling. It is true that the notes are the property of the partnership and that Meadowbrook, in name, is not a party to the action. The defendants, however, constitute all the limited partners of Meadowbrook and own *67 an aggregate 23/24th interest in all of the assets of the partnership. Generally a partnership has no legal entity separate and apart from the individuals composing the partnership firm. (Partnership Law, § 10; see Caplan v Caplan, 268 NY 445.) In essence, therefore Meadowbrook is before this court in the person of the defendant limited partners. Stanndco’s absence is unimportant because it was Stanndco’s wrongful conduct which initiated the transaction.
The defendants were not asserting "jus tertii”, but their own rights. (Uniform Commercial Code, § 3-306, subd [d]; see generally 42 NY Jur, Negotiable Instruments, § 427.) The defendants, as both makers of the notes and limited partners, had a legitimate expectation that the provisions of the Partnership Law would be followed. They had no cause to anticipate that a general partner would exceed his authority by assigning their rights in specific partnership property without their written consent or ratification and thus effectively terminate their right to have their contribution returned.[2] It was the written consent or ratification of each defendant limited partner that was required for the proper negotiation of the notes — and this is what Stanndco failed to secure. Clearly, each defendant maker is offended and damaged by Stanndco’s breach of duty, because each is a limited partner. Each defendant is asserting his own rights.
Subdivision (d) of section 3-306 of the Uniform Commercial Code provides in part: "The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third person himself defends the action for such party.” Official Comment No. 5 (McKinney’s Cons Laws of NY, Book 62Vf> Uniform Commercial Code, p 201) for section 3-306 of the Uniform Commercial Code outlines the underlying policy considerations of and rationale supporting subdivision (d) and lends support to this court’s analysis that in this circumstance the claim of breach of a fiduciary duty is not truly a "claim of [a] third person”. It states in part: "The contract of the obligor is to pay the holder of the instrument, and the claims of other persons against the holder are generally not his concern. He is not required to set up such a claim as a defense, since he usually will have no satisfactory evidence of his own on the issue; and the provi *68 sion that he may not do so is intended as much for his protection as for that of the holder.” (Emphasis supplied.) Certainly, the claim here concerns the defendants. Section 98 of the Partnership Law was enacted to guard the rights and interests of the limited partners. If they are unable to assert this claim as a defense, they stand to lose a part of their interest in the partnership assets. Further, the defendants have presented "satisfactory evidence” of their claim. They have established that Stanndco breached its fiduciary duty to them and that the plaintiff purchased the notes with notice of this. Finally, to bar defendants’ defense would unfairly insulate the plaintiff from a legitimate and fully documented claim. The section is intended to protect both maker and holder equally, and a contra holding would undermine the purpose for this section as articulated by the official comment. A balance of fairness is struck only by allowing defendants to assert their claim. This defense truly belongs to them as limited partners and makers of the notes. Plaintiff’s conduct permitted the diversion of the partnership assets and it should not profit from its own wrongdoing. Under these circumstances it would be unconscionable not to permit the defendants to assert their claim as a defense against plaintiff.
The unauthorized signature of Meadowbrook is "wholly inoperative” and Chemical Bank, which knew or should have known that the signature was made without the consent of the limited partners, cannot recover from the signers of the instrument. (Uniform Commercial Code, § 3-404.) For this and the above-stated reasons, neither the individual makers nor the partnership is liable on the notes to plaintiff.
Defendant Traynor, however, who actually indorsed the notes and executed the estoppel certificates, transferred any rights that he may have had in his own promissory note and is fully liable thereon. Traynor acted with full knowledge of the nature of the transaction and participated in the dispersal of the proceeds from the sale to plaintiff. Whether plaintiff actually relied on the certificates, thus evoking the doctrine of equitable estoppel, is of no moment. By his acts Traynor ratified the unauthorized signature. (Uniform Commercial Code, § 3-404.)
No proof has been presented concerning the financial or other status of Meadowbrook. The fact that plaintiff is denied recovery does not mean that these defendants are absolved of their liability as makers of the notes.
*69 Judgment is granted plaintiff for the relief sought in its complaint against the defendant Traynor. Its causes of action against the remaining defendant limited partners are dismissed.

. United States Fin. Co. v Jones (285 Ala 105; Principle recognized in a State where the Uniform Commercial Code is in effect); Bankers’ Commercial Security Co. v Piercy Corp. of Amer. (145 Misc 649; New York case which recognizes the principle prior to the adoption of the Uniform Commercial Code).

. Each limited partner has a right to receive a share of the profits and to a return of his contribution after payment, among other things, of all liabilities of the partnership. (Partnership Law, § 105.)