■ JORGE CACERAS, Respondent, v GEORGE ZORBAS, Appellant.—Judgment, Supreme Court, Bronx County (Diane Lebedeff, J.), entered December 3, 1987, in favor of plaintiff in the amount of $50,611.65, unanimously reversed, on the law, and the complaint dismissed, without costs.

Defendant's appeal from an order of the Supreme Court, Bronx County (Bertram Katz, J.), entered December 10, 1987, which denied his motion pursuant to CPLR 3025 (b) for leave to amend the answer to assert the affirmative defense of workers' compensation, and upon such amendment, for dismissal of the complaint, is dismissed as subsumed in the appeal from the judgment, without costs.

Plaintiff was injured during the course of his employment by virtue of an accident which occurred in the freight elevator of the building where he worked. Plaintiff applied for and obtained workers' compensation benefits as a result of his injury and he also commenced the instant action against defendant Zorbas, who is both the owner of the building where the accident occurred and the sole owner of plaintiff's corporate employer.

After discovery had been completed, a note of issue filed, several pretrial conferences held and a jury selected, defendant for the first time moved for leave to amend his answer to

assert the defense of the exclusivity of workers' compensation and to dismiss the complaint on this ground.

The IAS court denied the eve-of-trial motion as untimely and on the further ground that plaintiff would be prejudiced. The action proceeded to trial where a jury verdict was rendered in plaintiff's favor.

While we note our disapproval of the unwarranted and inordinate delay by defendant in not bringing this motion before the time of trial on a point of law that was available to him from the inception of the case, a reversal is nevertheless mandated because under the circumstances of this case workers' compensation is plaintiff's exclusive remedy. *(See, Heritage v Van Patten,* 59 NY2d 1017.) The law is well settled that a motion to amend the answer to assert such defense of workers' compensation must be granted even when first raised at this late stage. *(Murray v City of New York,* 43 NY2d 400.) Moreover, there can be no claim of prejudice or surprise since the plaintiff was aware of his employment status and had already received compensation benefits before the instant motion was made. Concur—Carro, J. P., Asch, Ellerin and Smith, JJ.