OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff was injured in the course of his employment and instituted this action against defendant, who was both the owner of the building where the accident happened and the president and sole stockholder of plaintiff’s corporate employer (the lessee of the premises). The complaint did not allege workers’ compensation benefits were unavailable. In fact, plaintiff applied for and received such benefits. The defendant’s original answer did not assert the Workers’ Compensation Law as an affirmative defense but in November *885 1987, after a jury had been selected, defendant moved to amend his answer to assert that workers’ compensation was plaintiffs only remedy (see, Heritage v Van Patten, 59 NY2d 1017). Plaintiff did not deny the statute’s application to the case.
Supreme Court denied the motion to amend on the ground of laches. On appeal the Appellate Division reversed holding that under our decision in Murray v City of New York (43 NY2d 400), the motion to amend must be granted, even when tardily asserted.
While we agree with the Appellate Division that it was error to deny the motion to amend, we do not agree that the trial court was without discretion in the matter. The trial court could have denied the motion if plaintiff demonstrated prejudice resulting from defendant’s delay. Plaintiff was required to establish prejudice accruing to him as a consequence of defendant’s failure to timely assert the defense, and to include a showing that the prejudice could have been avoided if the defense had been timely asserted. He failed to make such a showing here and cannot claim prejudice or surprise because he was aware of his employment status from the outset and had received workers’ compensation benefits.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.