■ DANNY JACKSON et al., Appellants, v TIVOLI TOWERS HOUSING Co., INC., Defendant and Third-Party Plaintiff-Respondent. TIVOLI ASSOCIATES, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Williams, J.), dated January 22, 1990, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The injured plaintiff allegedly sustained his injuries while attempting to repair boiler equipment in the boiler room of premises owned by the defendant. The defendant impleaded the injured plaintiff's employer, the third-party defendant Tivoli Associates, and asserted in its answer, inter alia, the affirmative defense of Workers' Compensation Law § 11, contending that the plaintiffs' exclusive remedy is confined to receipt of workers' compensation benefits. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

In general, a plaintiff may not bring an action against his employer in its capacity as a property owner (see, Billy v Consolidated Mach. Tool Corp., 51 NY2d 152); his exclusive remedy is a claim under his employer's workers' compensation policy of insurance (Workers' Compensation Law §§ 11, 29 [6]). For purposes of the defenses pursuant to Workers' Compensation Law §§ 11 and 29, a partnership and its partners are

considered one entity when acting in furtherance of partnership business *(see, Cipriano v FYM Assocs.,* 117 AD2d 770). A review of the record establishes beyond question that the injured plaintiff was employed by Tivoli Associates, a limited partnership of which the defendant is a general partner, and, indeed, has sought and obtained workers' compensation benefits through Tivoli Associates. According to the partnership agreement, the defendant purchased and developed the premises on which the accident occurred in furtherance of partnership business. Thus, the plaintiffs are precluded from bringing this action against the defendant, since the injured plaintiff was employed by the partnership in which the defendant is a partner *(see, Williams v Hartshorn,* 296 NY 49; *Claudio v Lefrak,* 100 AD2d 837). Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.