■ ALFRED LEONE et al., Respondents, v COLUMBIA SUSSEX CORP., Defendant and Third-Party Plaintiff-Appellant. S.G.C. ENTERPRISES, INC., Doing Business as SMITH GLASS Co., Third-Party Defendant; PANELIZED SYSTEMS, LTD., Third-Party Defendant-Respondent. [610 NYS2d 586] —In an action to recover damages for personal injuries, etc., defendant third-party plaintiff Columbia Sussex Corp. appeals from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 27, 1992, which denied that branch of its motion which was for leave to serve an amended answer to include an

affirmative defense that the action was barred by the Workers' Compensation Law, and from (2) so much of an order of the same court, dated June 22, 1992, as denied its motion for summary judgment on its third-party complaint against the third-party defendant Panelized Systems, Ltd.

Ordered the order dated January 27, 1992 is reversed, on the law and as a matter of discretion, without costs or disbursements, that branch of the appellant's motion which was for leave to serve an amended answer is granted, the amended answer is deemed served, and so much of a prior order of the same court as granted summary judgment to the plaintiffs on the issue of liability is vacated; and it is further,

Ordered that the order dated June 22, 1992, is affirmed insofar as appealed from, without costs or disbursements.

This action was commenced by the plaintiffs as a result of injuries allegedly sustained by the plaintiff Alfred Leone, when the plank of a scaffold on which he was standing broke, causing his left leg to "fall" through the deck. Columbia Sussex Corp. (hereinafter Columbia) was the owner and general contractor of the project. The plaintiff Alfred Leone was an employee of the third-party defendant Smith Glass Co. (hereinafter SGC), a subcontractor at the job site. The scaffold had been erected by another subcontractor, the third-party defendant Panelized Systems, Ltd. (hereinafter Panelized) for use by its own employees.

These appeals are from orders which (1) denied Columbia's motion to amend its answer to include an affirmative defense that the action is barred by the exclusive remedy afforded by the Workers' Compensation Law, and (2) denied summary judgment on its third-party action against Panelized, on the grounds of contractual and common-law indemnification. In a prior order of the same court dated February 15, 1991, the court granted summary judgment in favor of the plaintiff and against Columbia on the issue of liability.

We find that the Supreme Court improvidently exercised its discretion in denying leave to Columbia to amend its answer to include a defense that the action is barred by the Workers' Compensation Law. "It is well settled that one who is in the general employ of one party may be in the special employ of another despite the fact that the general employer is responsible for the payment of wages, has the power to hire and fire, has an interest in the work performed by the employee * * * and provides some, if not all, of the employee's equipment * * * While there are many factors to consider in determining

whether a special employment relationship exists, the key factor is the right to direct the work and the degree of control exercised over the employee" *(Cameli v Pace Univ.,* 131 AD2d 419, 420; *see also, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553; *Restivo v Weinreb,* 113 AD2d 879).

At bar, the deposition testimony of Columbia's witness, Bradley J. Marman, indicated that at the time of the accident, the injured plaintiff was doing work directly for Columbia, and that SGC had nothing to do with the work being performed. His testimony further indicated that the injured plaintiff was working under the direct control and supervision of Columbia's employees. Additionally, according to Marman, although the injured plaintiff was on SGC's payroll, Columbia reimbursed SGC for all payments made to laborers for the work that they performed directly for Columbia. Under the circumstances, Marman's deposition testimony, at the very least, created a question of fact whether the injured plaintiff was Columbia's special employee at the time of the accident *(see, Thompson v Grumman Aerospace Corp., supra,* 78 NY2d, at 557; *Stone v Bigley Bros.,* 309 NY 132; *Irwin v Klein,* 271 NY 477). Consequently, Columbia's motion for leave to amend the answer so as to assert an affirmative defense that the action is barred by Workers' Compensation Law should have been granted.

However, the court properly denied Columbia's motion for summary judgment against Panelized. Clearly, based on the deposition testimony, the indemnification clause executed by Panelized is inapplicable, because the injuries allegedly sustained by the injured plaintiff did not arise out of, or result from, the performance of Panelized's work under the subcontract.

Nor could Columbia recover under the theory of common-law indemnification at this stage of the proceedings, since such a claim is premature *(see, Margolin v New York Life Ins. Co.,* 32 NY2d 149; *Goffredo v Bay St. Landing Assocs.,* 179 AD2d 799; *Dutton v Mitek Realty Corp.,* 95 AD2d 769; *Martinez v Fiore,* 90 AD2d 483). Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.