■ THOMAS E. RAINEY et al., Appellants, v JEFFERSON VILLAGE CONDO No. 11 ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent. MONTROSE CONSTRUCTION CORP. et al.,

Third-Party Defendants-Respondents. [611 NYS2d 207] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Coppola, J.), dated November 25, 1991, which, *inter alia,* denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint, (2) a judgment of the same court, entered December 9, 1991, which, *inter alia,* dismissed the complaint, and (3) an order of the same court, dated June 23, 1992, which denied the plaintiffs' motion for leave to serve an amended complaint adding the second third-party and fourth-party defendants as direct party defendants.

Ordered that the appeal from the order dated November 25, 1991, is dismissed; and it is further,

Ordered that the judgment dated December 9, 1991, and the order dated June 23, 1992, are affirmed; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

On the morning of November 20, 1987, the plaintiff Thomas E. Rainey was assisting in the construction of a condominium unit when he slipped and fell from the roof of the premises, sustaining injuries. On the date of the accident, the condominium was owned by the defendant, Jefferson Village Condo No. 11 Associates, a limited partnership of which the injured plaintiff's employer, Montrose Construction, Inc. (hereinafter Montrose), was the sole general partner. After the accident, the injured plaintiff applied for and received workers' compensation benefits as an employee of Montrose. The plaintiffs subsequently commenced this action alleging violations of Labor Law §§ 200, 240, and 241 (6), and thereafter moved for summary judgment, contending that they were entitled to judgment as a matter of law because the defendant had failed to furnish or install any protective devices to prevent a worker from falling from the roof of the condominium unit. The defendant cross-moved for summary judgment, alleging that the plaintiffs' action was barred by the Workers' Compensation Law because the injured plaintiff was employed by

Montrose, the general partner of the defendant partnership. The Supreme Court granted the defendant's cross motion for summary judgment, dismissed the complaint, and discontinued the third and fourth-party actions as moot. We affirm.

As a general rule, Workers' Compensation Law §§ 11 and 29 bar a plaintiff from bringing an action against his employer in its capacity as a property owner (see, Billy v Consolidated Mach. Tool Corp., 51 NY2d 152; Clark v LeCroy Research Sys., 202 AD2d 620; Jackson v Tivoli Towers Hous. Co., 176 AD2d 918). For purposes of Workers' Compensation Law §§ 11 and 29, a partnership and its partners are considered one entity when acting in furtherance of partnership business (see, Jackson v Tivoli Towers Hous. Co., supra; Cipriano v FYM Assocs., 117 AD2d 770), and a plaintiff is barred from bringing an action against a partnership where the partnership is the plaintiff's employer (see, Cipriano v FYM Assocs., supra; Claudio v Lefrak, 100 AD2d 837). Here, we find that Montrose, the general partner, was acting in furtherance of the partnership business in employing the plaintiff. Indeed, the express purpose of the limited partnership was to purchase and develop the premises where the accident occurred, and the partnership agreement provided that Montrose would manage the development of the property. The agreement also required the partnership to reimburse Montrose, the general partner, 9% of the construction costs of the project. Under these circumstances, the plaintiffs' exclusive remedy against the defendant partnership is limited to their claim under Montrose workers' compensation policy (see, Jackson v Tivoli Towers Hous. Co., supra, 176 AD2d 918; Cipriano v FYM Assocs., supra; cf., Lindner v Kew Realty Co., 113 AD2d 36).

We also note that the defendant did not waive its affirmative defense pursuant to Workers' Compensation Law §§ 11 and 29 by raising the defense, for the first time, in its amended answer (see, Murray v City of New York, 43 NY2d 400; Caceras v Zorbas, 148 AD2d 339, affd 74 NY2d 884; Linder v Kew Realty Co., supra). Workers' compensation is an exclusive remedy as a matter of substantive law, and where it appears that the plaintiff was an employee of the defendant, the obligation of alleging and proving noncoverage falls upon the plaintiff (see, Murray v City of New York, supra, at 407). Thus, the affirmative defense of workers' compensation may be waived "only by a defendant ignoring the issue to the point of final disposition itself" (Murray v City of New York, supra, at 407).

Further, we find that the Supreme Court properly denied

the plaintiffs' motion to amend its previously dismissed complaint to add direct claims against the former second third-party and fourth-party defendants. Issue was joined in the third-party actions over a year before the complaint was dismissed, yet the plaintiffs failed to move for leave to assert causes of action against the second third-party and fourth-party defendants during this time. In fact, the plaintiffs failed to move until over two months after judgment was entered.

We have examined the plaintiffs' remaining contentions, and find that they are without merit. Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.