■ WILLIAM GIRARDIN et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. [619 NYS2d 150] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated May 24, 1993, which granted the defendants' motion to amend their answers pursuant to CPLR 3025 (b) to include the affirmative defense of res judicata and dismissed the complaint.

Ordered that the order is affirmed, with costs.

It is well established that leave to amend shall be freely given pursuant to CPLR 3025 (b), absent prejudice or surprise. The determination to grant leave rests with the discretion of the court and should be made on a case-by-case basis *(see, Mayers v D'Agostino,* 58 NY2d 696; *Fahey v County of Ontario,* 44 NY2d 934; *Matter of Department of Social Servs. [Katherine McL.] v Jay W.,* 105 AD2d 19; *Fulford v Baker Perkins,*

*Inc.,* 100 AD2d 861). Upon our review of the record, we conclude that the Supreme Court did not improvidently exercise its discretion in granting the defendants leave to amend their answers. At the time of joinder of issue, the defense of res judicata was not available as the Workers' Compensation determinations on the plaintiffs' claims had not yet been made. In addition, the delay in making the motion to amend after these determinations was not so lengthy to be considered an abuse of the procedure *(cf., Gallo v Aiello,* 139 AD2d 490). There is no merit to the plaintiffs' contention that they were prejudiced because of the defendants' delay in making the motion for leave to amend their answers to assert the defense of res judicata with respect to the Workers' Compensation determinations. The plaintiffs were entitled to appeal from the Workers' Compensation determinations but chose not to do so. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.