■ DENNIS GOMEZ, Appellant, v ORION LIMITED PARTNERSHIP, Respondent. [620 NYS2d 1000] —In an action to recover damages for personal injuries, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated October 6, 1993, as, upon reargument, adhered to a determination in a decision dated August 11, 1993, granting the defendant's motion for summary judgment dismissing the complaint, and (2) from a judgment of the same court, entered October 7, 1993, entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In general, a plaintiff may not bring an action against his employer, even in its capacity as a property owner. His exclusive remedy is a claim under his employer's workers' compensation policy of insurance (see, Workers' Compensation

Law §§ 11, 29 [6]; *Jackson v Tivoli Towers Hous. Co.*, 176 AD2d 918). It is beyond question that the plaintiff was employed by the defendant. Accordingly, the court properly granted the defendant summary judgment dismissing the complaint.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.