■ GHANBAR GOODARZI, Respondent, v CITY OF NEW YORK et al., Appellants. [630 NYS2d 534] —In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated March 14, 1994, which denied their motion to amend their answer to include an affirmative defense that the action was barred under the Workers' Compensation Law and for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the branch of the defendants' motion which was for leave to serve an amended answer is granted, the amended answer is deemed served, the branch of the defendants' motion which was for summary judgment is granted, the complaint is dismissed, and the prior order of the same court, dated January 15, 1993, granting summary judgment to the plaintiff on the issue of liability, is vacated.

In March 1982, the plaintiff, a volunteer auxiliary police of-

ficer with the 84th precinct in Brooklyn, was injured when his patrol car was struck in the rear by another patrol car. This action to recover damages for personal injuries was commenced in the Supreme Court by the plaintiff in June 1982. The defendants' answer, dated September 23, 1982, did not assert an affirmative defense under the Workers' Compensation Law.

The plaintiff was awarded approximately $23,000 in no-fault medical benefits, on default, after the defendants failed to appear at an arbitration held on February 5, 1986, pursuant to the New York Motor Vehicle No-Fault Insurance Law.

On October 2, 1985, the plaintiff signed an agreement to pursue Workers' Compensation benefits and to repay to the defendants sums recovered thereunder, in an amount equal to the no-fault benefits he received. In January 1986, the plaintiff's application for Workers' Compensation benefits was denied on default after his failure to appear at two scheduled hearings.

On January 15, 1993, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. By order to show cause, dated December 10, 1993, the defendants moved for leave to amend their answer to include an affirmative defense that the action was barred under the Workers' Compensation Law and for an order granting summary judgment in their favor dismissing the complaint. The Supreme Court denied the motion in its entirety reasoning that, by failing to raise the workers' compensation defense prior to the time that summary judgment was granted to the plaintiff on the issue of liability, the defendants had waived the defense. We disagree. The affirmative defense of workers' compensation may be waived "only by a defendant ignoring the issue to the point of final disposition itself" (*Murray v City of New York,* 43 NY2d 400, 407; *see also, Caceras v Zorbas,* 148 AD2d 339, *affd* 74 NY2d 884; *Rainey v Jefferson Vil. Condo No. 11 Assocs.,* 203 AD2d 544). Here, because there was no finding as to damages, final disposition has not been reached (*see, Leone v Columbia Sussex Corp.,* 203 AD2d 430). While we do not condone the "unwarranted and inordinate delay" by the defendants in failing to earlier raise this defense, the well-settled law in this area mandates that leave to amend be granted (*Caceras v Zorbas, supra,* at 340).

Moreover, contrary to the plaintiff's arguments, he is not prejudiced or surprised by the amendment of the answer. That he asserted and thereafter abandoned a workers' compensation claim evinces his knowledge of a possible remedy under that law. We are unpersuaded by the plaintiff's argument that, as a

volunteer, he believed that he was ineligible for workers' compensation. O'Brien, J. P., Santucci and Joy, JJ., concur.

Goldstein, J., dissents and votes to affirm the order appealed from, with the following memorandum: On March 3, 1982, the plaintiff, an auxiliary police officer, was sitting in the front passenger seat of an auxiliary police vehicle preparing to write in his log book and waiting to be driven home when the vehicle was struck from behind by a police car causing the plaintiff to sustain serious personal injuries. The instant action was commenced on or about June 23, 1982, and issue was joined with service of an answer dated September 23, 1982, which did not assert exclusive liability under the Workers' Compensation Law as a defense. Thereafter, the plaintiff made a claim for Workers' Compensation benefits, but the claim was denied in January 1986, because the plaintiff failed to appear before the Worker's Compensation Board on two occasions.

By notice of motion dated October 10, 1992, the plaintiff moved for summary judgment on the issue of liability. The defendants opposed the motion, asserting that there was an issue of fact as to whether they were negligent, but without asserting the defense of the Workers' Compensation Law. The plaintiff's motion was granted by order dated January 15, 1993. No appeal was taken from that order.

On May 26, 1993, the plaintiff was directed to file his certificate of readiness for the damages trial on or before July 26, 1993. The plaintiff complied, and the trial on damages was scheduled for November 29, 1993. The plaintiff appeared on that date with two expert witnesses but the defendants' attorneys failed to appear, so trial was adjourned until December 13, 1993.

By order to show cause dated December 10, 1993, the defendants made the instant motion for leave to serve an amended answer to assert the defense of workers' compensation, and for summary judgment based upon that defense. The defendants asserted that "the granting of the within motion would in no way be inconsistent with" the prior order dated January 15, 1993, granting the plaintiff summary judgment on the issue of liability, because the "City of New York must be permitted to defend this action on the issue of damages".

In the order appealed from, dated March 14, 1994, the court denied the defendants' motion, ruling that its prior order dated January 15, 1993, finally disposed of the liability issue and, therefore, the defendants waived the workers' compensation defense (see, Murray v City of New York, 43 NY2d 400, 407).

By order to show cause dated April 12, 1994, the defendants

moved for renewal of the plaintiff's motion for summary judgment on the issue of liability, and for reargument of their motion for leave to serve an amended answer. That motion was denied by an order dated May 5, 1994. No appeal was taken from that order.

Workers' Compensation Law § 11 provides that "[t]he *liability* of an employer prescribed by [the Workers' Compensation Law] shall be exclusive and in place of any other liability whatsoever" (emphasis supplied). Thus, the workers' compensation defense went to the issue of liability, not damages.

In *Murray v City of New York* (43 NY2d 400, 407, *supra*), the Court of Appeals held that the workers' compensation defense may be waived "by a defendant ignoring the issue to the point of final disposition". In the instant case, the defendants waited until after the final disposition of the liability issue to raise the workers' compensation defense.

Where summary judgment has been granted as to liability, a defendant could, under certain circumstances, still raise the workers' compensation defense in a motion to renew the motion for summary judgment *(see, Leone v Columbia Sussex Corp.,* 203 AD2d 430). The defendants did move to renew the plaintiff's motion for summary judgment, but that branch of their motion was denied by order dated May 5, 1994, and no appeal was taken from that order. Since the defendants also failed to appeal from the original order granting the plaintiff summary judgment, they cannot seek review of the denial of renewal pursuant to CPLR 5517.

In any event, reconsideration of the liability issue at this juncture would be an improvident exercise of discretion because the defendants' delay was so egregious as to constitute "an abuse of the procedure" *(Girardin v Town of Hempstead,* 209 AD2d 668).

Further, the defendants failed to establish, as a matter of law, that the plaintiff was "actually engaged in auxiliary police activities duly authorized by regulation or order" and therefore covered by Workers' Compensation *(see,* Administrative Code of City of NY § 14-147 [b]). Resolution of this issue of fact at this juncture, some 13 years after the accident, could prove difficult. Therefore, the plaintiff could suffer "operative prejudice" if the defendants were permitted to assert the defense of the Workers' Compensation Law at this late date *(Murray v City of New York,* 43 NY2d, *supra,* at 405).

*Accordingly, I vote to affirm the order appealed from.*