■ GURCHARAN SINGH et al., Respondents, v MOHAMMED SHAFI et al., Appellants. [675 NYS2d 614] —In an action to recover damages for personal injuries, etc., (1) the defendant Mohammed Shafi appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated July 22, 1997, as denied his cross motion for leave to amend his answer to include an affirmative defense that the action was barred under the Workers' Compensation Law and for summary judgment dismissing the complaint insofar as asserted against him, and (2) the defendant Harold Rosenberg, individually and as administrator of the estate of Roslyn Rosenberg, separately appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified by (1) deleting from the second decretal paragraph thereof the provision denying that branch of the cross motion of the defendant Mohammed Shafi which was for leave to amend his answer to include an affirmative defense that the action was barred under the Workers' Conpensation Law, and substituting therefor a provision granting that branch of the motion, and (2) deleting the third decretal paragraph thereof, and substituting therefor a provision granting the cross motion of Harold Rosenberg, individually and as administrator of the estate of Roslyn Rosenberg, for summary judgment dismissing the complaint insofar as asserted against him; as so modified, the order is affirmed insofar as appealed from, and Shafi's time to serve an amended answer asserting the third affirmative defense set forth in the proposed answer is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the defendants are awarded one bill of costs.

The defendant Mohammed Shafi either failed to stop at a stop sign or, upon doing so, failed to yield the right-of-way to the motor vehicle owned by Roslyn Rosenberg and operated by the defendant Harold Rosenberg. In support of his cross motion for summary judgment, Harold Rosenberg made out a prima facie case that the accident resulted solely from Shafi's negligence (*see,* Vehicle and Traffic Law § 1142 [a]; *Bolta v Lohan,* 242 AD2d 356; *Nunziata v Birchell,* 238 AD2d 555; *Iqbal v Rubin,* 238 AD2d 378). The evidence submitted by the plaintiffs and Shafi in opposition did not raise a triable issue of

fact and was insufficient to defeat Rosenberg's cross motion for summary judgment (*see, Maxwell v Land-Saunders,* 233 AD2d 303).

Furthermore, the Supreme Court should have exercised its discretion and granted Shafi's cross motion to the extent of granting leave to amend his answer to include an affirmative defense that the action was barred under the Workers' Compensation Law. A motion for leave to amend the answer to assert a defense of workers' compensation may be granted in the absence of prejudice even where, as here, it was first raised in response to the plaintiffs' motion to reinstate the note of issue and to restore this case to the trial calendar (*see, Murray v City of New York,* 43 NY2d 400, 407; *Goodarzi v City of New York,* 217 AD2d 683, 684; *Rainey v Jefferson Vil. Condo No. 11 Assocs.,* 203 AD2d 544; *Caceras v Zorbas,* 148 AD2d 339, *affd* 74 NY2d 884). The plaintiff Gurcharan Singh cannot claim prejudice or surprise since he was aware of his employment status and had already received workers' compensation benefits prior to the date on which the instant cross motion was made. Moreover, there exist triable issues of fact as to whether Singh and Shafi were coemployees at the time of the accident and whether Singh's injuries arose out of the course of his employment (*see, Heritage v Van Patten,* 59 NY2d 1017; *Schauder v Pfeiffer,* 173 AD2d 598). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.