■ RAFAEL ZAMBRANO, Appellant, v MAKITA CORP., Also Known as MAKITA ELECTRICAL WORKS, LTD., Defendant and Second Third-Party Plaintiff-Respondent, and A.W. MEYER CO., Defendant and Third-Party Plaintiff-Respondent. GEORGE COCA, Doing Business as GEORGE COCA CONSTRUCTION CORP., Third-Party Defendant and Second Third-Party Defendant-Respondent. [683 NYS2d 437] —In an action to recover damages

for personal injuries, the plaintiff appeals from (1) a decision of the Supreme Court, Queens County (Lerner, J.), dated October 15, 1997, (2) an order of the same court (Price, J.), dated November 14, 1997, which granted the motion by the defendant second third-party plaintiff, Makita Corp., a/k/a Makita Electrical Works, Ltd., and the defendant third-party plaintiff, A. W. Meyer Co., for summary judgment dismissing the complaint, and (3) a judgment of the same court (Price J.), entered January 6, 1998, which dismissed the complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the decision and the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's attempt to assert a new theory of liability in opposition to the motion for summary judgment (*see, Lewis v New York City Hous. Auth.,* 237 AD2d 414; *see also, Barraza v Sambade,* 212 AD2d 655; *Girardin v Town of Hempstead,* 209 AD2d 668).

. The plaintiff's remaining contention is without merit. Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.