OPINION OF THE COURT
John R. LaCava, J.
The novel and dispositive issue presented to the Court is whether two properly and separately created, operated, and maintained New York limited partnerships which are made up of identical limited and general partners are one and the same for Workers’ Compensation Law purposes so as to preclude an employee of the employer limited partnership from maintaining a cause of action for work-related personal injuries against the landowner limited partnership based upon the exclusive remedy provisions of the Workers’ Compensation Law (Work *160 ers’ Compensation Law § 11). The Court answers the question in the affirmative and, therefore, holds that such an action is precluded.
The Ramada Plaza Hotel (the Hotel) is situated in New Rochelle, New York. Pursuant to a franchise agreement, the Hotel is owned and operated by a New York limited partnership named the New Rochelle Hotel Association (NRHA). The Hotel is situated on land leased to NRHA by a New York limited partnership known as the Rosbrock Associated Limited Partnership (Rosbrock), the defendant herein. At the time relevant to this action, Rosbrock had no employees and merely owned the land upon which the Hotel sits. NRHA, on the other hand, employed various persons in connection with its ownership of the Hotel and operation of the franchise.
Plaintiff Eduardo Londono Diaz (Diaz) was one of NRHA’s employees. As part of his duties, plaintiff was charged with checking the Hotel boiler and adding water, if necessary, by opening and closing a valve. On January 16, 1998, while so employed, plaintiff allegedly sustained injuries when he fell from a closed and upright “A-frame” stepladder while prying a valve with a screwdriver and spraying it with lubricant. Plaintiff was using the stepladder in the closed position because of space constraints.
Diaz commenced this action against Rosbrock, as the landowner, to recover damages for personal injuries allegedly sustained from that fall. Among other things, plaintiff asserts that defendant violated sections 200, 240 and 241 (6) of the Labor Law.
By decision and order of September 20, 2000, the Court (Scarpino, J.) denied plaintiff’s motion for summary judgment. The Court also denied defendant’s cross motion to dismiss the plaintiff’s Labor Law § 240 (1) and § 241 (6) claims upon concluding that plaintiff’s conduct constituted a “repair” within the statute.
While defendant’s further application to amend its answer to add the affirmative defense of the Workers’ Compensation Law was granted, the Court denied defendant’s motion for summary judgment on that issue. Denial was with leave, however, for the parties to conduct limited discovery to determine whether the owner of the land, Rosbrock, and plaintiff’s employer, NRHA, are one and the same as Rosbrock alleged. More particularly, in support of Rosbrock’s earlier motion, Rosbrock had asserted that Rosbrock and NRHA are comprised of the same general and limited partners. As such, Rosbrock *161 urged, such a complete identity of ownership renders the two limited partnerships one and the same entity, thus exposing plaintiffs claim to dismissal under the Workers’ Compensation Law which, among other things, prohibits workers from suing their employers for work-related injuries (see, Workers’ Compensation Law § 11).
Having conducted the permitted disclosure, defendant now moves for renewal of its summary judgment motion based on the exclusivity of remedy of the New York Workers’ Compensation Law, and upon renewal, seeks an order granting defendant summary judgment dismissing plaintiffs complaint.
Upon review of the parties’ respective submissions, the Court hereby grants renewal and, upon renewal, grants defendant’s motion for summary judgment for the reasons herein provided.
Based upon the additional evidence now presented, the Court finds that the landowner limited partnership Rosbrock and the employer limited partner NRHA were separately established for tax considerations. They also maintain separate bank accounts, file separate tax returns, and file distinct partnership statements with the Secretary of State. In fact, all evidence before the Court suggests that the limited partnerships act in full compliance with all relevant statutes, rules, and regulations, so as to properly preserve their distinct limited partnership status. Nonetheless, both limited partnerships are made up of the same individual general and limited partners.
In Jackson v Tivoli Towers Hous. Co. (176 AD2d 918, 919 [2d Dept 1991]), the Court found that the defendant landowner, a general partner of the employer limited partnership, had “purchased and developed the premises on which the accident occurred in furtherance of partnership business.” As such, the Court held that the plaintiff employee of the limited partnership was precluded from bringing an action against defendant landowner.
Upon so finding, the Court stated the well-settled rule that: “In general, a plaintiff may not bring an action against his employer in its capacity as a property owner * * * his exclusive remedy is a claim under his employer’s workers’ compensation policy of insurance (Workers’ Compensation Law §§ 11, 29 [6]).” (Id., at 918.)
More relevant to this proceeding, however, the Court went on to state:
“For purposes of the defenses pursuant to Workers’ *162 Compensation Law §§11 and 29, a partnership and its partners are considered one entity when acting in fiirtherance of partnership business” (Jackson v Tivoli Towers Hous. Co., supra, at 918-919; see also Cipriano v FYM Assocs., 117 AD2d 770 [2d Dept 1986]).
While there are various cases wherein courts have emphasized the similarities between limited partnerships and corporations (see, for example Ruzicka v Rager, 305 NY 191 [1953] [in suit by limited partnership, neither limited nor general partners are subject to counterclaims on causes of action unrelated to partnership affairs]; Lichtyger v Franchard Corp., 18 NY2d 528 [1966] [limited partners akin to corporate shareholders and may bring a representative action for breach of fiduciary duty]), nonetheless, “under the law, ‘limited and general partnerships are identical forms of doing business’ ” (People v Zinke, 76 NY2d 8, 15 [1990], quoting Executive House Realty v Hagen, 108 Misc 2d 986, 991). They are “partnerships in the eyes of the law of this State” (People v Zinke, at 15). As such, generally, they do not exist as an entity that is separate and apart from the individuals composing the partnership firm (Chemical Bank v Ashenburg, 94 Misc 2d 64, 67 [Sup Ct, Monroe County 1978], citing Partnership Law § 10 and Caplan v Caplan, 268 NY 445).* This is so even under the Revised Limited Partnership Act (Partnership Law art 8-A) and even though a partnership may be an “employer” under the Workers’ Compensation Law (see, Workers’ Compensation Law § 2 [3]).
“Labor Law §§ 240 and 241 impose a nondelegable duty upon all owners and contractors to provide certain safe appurtenances and a safe place to work for all of the employees at a construction site” (Lindner v Kew Realty Co., 113 AD2d 36, 42 [2d Dept 1985]). An employee’s remedy for injuries sustained because of the negligence of a coemployee is workers’ compensation (Workers’ Compensation Law § 29 [6]). The same goes for injuries caused by one’s employer (Workers’ Compensation Law § 11). The employer’s responsibility, under such circumstances, is to ensure that an appropriate workers’ compensation policy is in effect (Workers’ Compensation Law § 11). An owner who or which is also an injured party’s employer is *163 deemed to have met the safe workplace obligation upon securing the appropriate workers’ compensation coverage (Lindner v Kew Realty Co., 113 AD2d 36, 43, supra, citing Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 160). There is no dispute here that NRHA had a valid policy in effect.
The limited partnership employer NRHA was acting in furtherance of the limited partnership business when it employed plaintiff. Consequently, so did the partners who are deemed one entity with the partnership (Cipriano, supra; Chemical Bank v Ashenburg, supra). Since the partnership makeup of the limited partnership employer is the same as that of the limited partnership landowner, which likewise is one entity with its partners in connection with the ownership and leasing of the land to the limited partnership employer, the Court finds that plaintiff’s suit against the limited partnership landowner is akin to an unsustainable lawsuit against plaintiff’s own employer as the owner of the property on which plaintiff was injured (see, Workers’ Compensation Law § 11).
Accordingly, this action is hereby dismissed in all respects, plaintiff being relegated to workers’ compensation benefits for the work-related injuries that he sustained in connection with the underlying incident.
The previously scheduled May 14, 2001 pretrial conference is hereby cancelled.

 The partnership form of doing business should be compared with the corporate form of business wherein, as a general rule, corporations are treated as having a separate and distinct existence from their shareholders (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 163).