OPINION OF THE COURT
John R. LaCava, J.
The dispositive issue herein is whether this negligence and *411 Labor Law action is barred by the three-year statute of limitations (CPLR 214) or whether it survives by virtue of the tolling provisions and the six-month grace period found in CPLR 205 as would be measured from the termination of workers’ compensation proceedings. Resolution of this issue entails consideration of the novel question of whether an earlier commenced action, dismissed for failure to prosecute, is void ab initio because it was subject to the available affirmative defense of workers’ compensation which neither defendant had raised and which, if raised, would have tolled the period of limitations until termination of the workers’ compensation claim (see, CPLR 205).
For the reasons that follow, the Court answers the question in the negative and finds that this action is time barred.
Plaintiff Fernando P. Honrado was injured on August 1, 1995 when, while working at a house owned by defendant Hector Robinson, he allegedly fell from an elevated ramp. By application dated August 10, 1995, plaintiff filed a claim with the Workers’ Compensation Board wherein he alleged that he had been hired by defendant Hector Robinson as an employee of defendant H. R. Electric Co., Inc.
In July 1997, while Ms workers’ compensation claim was still pending, plaintiff commenced a Labor Law and negligence action against the defendants in connection with the August 1, 1995 incident (Westchester County index Number 10848-97; the 1997 action). Therein, plaintiff sued defendants as Ms employer and as the owners and operators of the property where he had allegedly been injured.
By decision and order of August 10, 1998, the court (Fred-man, J.) granted an unopposed application of plaintiffs then counsel for leave to withdraw from any further representation of plaintiff (see, CPLR 321 Do] [2]). Therein, the court directed plaintiff, either pro se or through newly retained counsel, to advise the court about the status of the case by September 30, 1998. Upon plaintiffs failure to appear either pro se or through counsel, the court (Fredman, J.) dismissed the action on July 23, 1999.
The Workers’ Compensation Board rendered a decision wMch was filed on August 9, 2000. Therein, the Administrative Law Judge found that an employer-employee relationship had not been formed in connection with the work that plaintiff had performed for defendants at the premises. The determination was upheld upon administrative appeal in a decision filed on November 27, 2000.
*412 By summons and verified complaint filed on January 4, 2001, plaintiff initiated this action wherein he seeks relief on the basis of defendants’ alleged negligence and for asserted violations of the Labor Law. No employer-employee relationship is advanced.
Characterizing the 1997 action as void ab initio, plaintiff seeks to rely upon CPLR 205 to sustain this action which otherwise carries a three-year period of limitations as would be calculated from the August 1, 1995 date of occurrence (see, CPLR 214). Upon treating the 1997 action as if it never existed, plaintiff argues that this action is timely since it was commenced within six-months of the November 27, 2000 filing of the workers’ compensation administrative appellate determi-. nation since the underlying application for workers’ compensation benefits was filed on August 10, 1995 which is well within three years of the August 1, 1995 incident (see, CPLR 205 [a], [c];* 214).
This Court cannot adopt such an application of the law and interpretation of the statute.
“Labor Law §§ 240 and 241 impose a nondelegable duty upon all owners and contractors to provide certain safe appurtenances and a safe place to work for all of the employees at a construction site” (Lindner v Kew Realty Co., 113 AD2d 36, 42 [2d Dept 1985]). An employee’s remedy for injuries sustained because of the negligence of one’s employer is workers’ compensation benefits (Workers’ Compensation Law § 11). “In general, a plaintiff may not bring an action against his employer in its capacity as a property owner * * * his exclusive remedy is a claim under his employer’s workers’ compensation policy of insurance (Workers’ Compensation Law §§ 11, 29 [6])” (Jackson v Tivoli Towers Hous. Co., 176 AD2d 918 [2d Dept 1991], lv denied 79 NY2d 754 [1992], rearg denied 80 NY2d 826 [1992]).
As such, workers’ compensation is available to an employer as an affirmative defense to an action brought by an asserted *413 employee for work-related injuries. Contrary to plaintiffs assertion, however, an employer is under no obligation to raise such a defense. In fact, a workers’ compensation defense may be waived, albeit “only by a defendant ignoring the issue to the point of final disposition itself’ (Goodarzi v City of New York, 217 AD2d 683, 684 [2d Dept 1995], lv denied 87 NY2d 803, quoting Murray v City of New York, 43 NY2d 400, 407; and citing Caceras v Zorbas, 148 AD2d 339, affd 74 NY2d 884; Rainey v Jefferson Vil. Condo No. 11 Assocs., 203 AD2d 544, lv denied 84 NY2d 804).
While an employee would ordinarily not opt to bring an action against an employer for work-related injuries since the action is subject to dismissal upon the affirmative defense of workers’ compensation, such actions are not void ab initio where, as is the case with the 1997 action, such a defense is not raised by the employer. Therefore, the 1997 action must be taken into account in connection with this motion to dismiss.
The July 23, 1999 dismissal of the 1997 action was, in essence, a dismissal for failure to prosecute. It was not a dismissal “on the merits.” Since the 1999 dismissal related to an August 1995 incident, plaintiff was foreclosed from initiating a timely new action since the three-year period of limitations had already run (see, Shepard v St. Agnes Hosp., 86 AD2d 628 [2d Dept 1982]) and the CPLR 205 six-month extension was not, by its terms, available to plaintiff. Dismissals based on neglect to prosecute are expressly excluded from the section 205 statutory toll (see, CPLR 205 [a]).
While perhaps now enlightened about the vulnerability of an action by an asserted employee against an employer for work-related injuries, one could understand why an employee-plaintiff would be reluctant to initiate a similar new action where an earlier action had been dismissed for failure to prosecute, nonetheless, such an earlier action is not void ab initio and must be taken into account upon application of CPLR 205. This is so, even though, had plaintiff not commenced the 1995 action, CPLR 205 (a) and (c) would have rendered this action timely when measured from the termination of the workers’ compensation proceedings.
Based upon the foregoing, the motion to dismiss this action as barred by the statute of limitations is granted. To any further extent, the motion is denied or is otherwise deemed moot.

 Section 205 of the CPLR provides in relevant part:
“(a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by * * * a dismissal of the complaint for neglect to prosecute the action * * * the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period * * *
“(c) Application. This section also applies to a proceeding brought under the workers’ compensation law.”