Lauren E. GABEL, Plaintiff,

v.

RICHARDS SPEARS KIBBE
& ORBE, LLP, et al.,
Defendants.

No. 07 Civ. 11031 (CM).

United States District Court,
S.D. New York.

May 13, 2009.

Eric Mark Nelson, Eric M. Nelson Attorney at Law, New York, NY, for Plaintiff.

John Michael Riordan, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Morristown, NJ, for Defendants.

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

McMAHON, District Judge:

From October 1, 2001 until May 10, 2005, Lauren Gabel, the plaintiff in this action, was the Director of Finance and Administration at the defendant law firm (which is now known as Richards, Kibbe & Orbe, and to which I will refer as RSKO). After she was fired from her position—ostensibly because of performance issues that had occasioned numerous complaints from staff and attorneys at the firm—she filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that she had been discriminated against on the basis of her gender. After receiving a right to sue letter, plaintiff filed the instant lawsuit. Her amended pleading asserts claims for gender discrimination [1] and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (Counts 1 and 3), and the New York City Human Rights Law (Counts 5 and 6); unlawful discharge so as to prevent plaintiffs pension rights from vesting in violation of 29 U.S.C. § 1140 (Count 4); aiding and abetting discriminatory conduct in violation of the New York City Human Rights Law (Count 7); Breach of Contract (Count 8); Intentional Infliction of Emotional Distress (Count 9); Negligent Infliction of Emotional Distress (Count 10); and Breach of Fiduciary Duty (Count 11).

---

**1.** Counts 1 and 2 appear to the court to be purely duplicative, since both assert claims for gender discrimination (labeled "Discriminatory Conduct in violation of 42 U.S.C. § 2000e–2(a)(2)) and do so *in haec verba.* The only difference between the two counts is that, in Count 1, the gender discrimination is allegedly based on the conduct set forth in the first 43 paragraphs of the complaint, while in Count 2, the gender discrimination is allegedly based on the conduct set forth in the first 46 paragraphs of the complaint. But since paragraphs 44–46 do not allege any conduct—they are the conclusory and operative allegations of discrimination under Count 1—I perceive no difference between the two claims as alleged, and so dismiss Count 2. Plaintiff's claims of disparate treatment during her employment, hostile work environment and gender-motivated discharge are all encompassed within the broad allegations of Count I.

Defendants (the firm and its partners) move for summary judgment dismissing the complaint. The argue that several of plaintiff's claims are time barred, as the statute of limitations ran while plaintiff's EEOC complaint was still pending at the agency. And they contend that plaintiff has both failed to adduce any evidence of gender discrimination and failed to comply with firm EEO policies that required her to report instances of discrimination or harassment to someone, as required by *Burlington Industries v. Ellerth*, 524 U.S. 742, 746, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

The court grants defendants' motion for summary judgment dismissing Counts 4, 8, 9, 10 and 11.

I agree with defendants that the statute of limitations was not tolled by the pendency of plaintiff's EEOC complaint. For that reason, Count 9 (intentional infliction of emotional distress) is time-barred. Similarly, Count 4, which alleges that defendants fired plaintiff when they did in order to prevent her from vesting in $30,000 of additional benefits in her employer-sponsored 401(k) retirement plan, is time barred; the United States Court of Appeals for the Second Circuit has specifically held that such a claim has to be brought within two years of an employee's dismissal.

Plaintiff's claim for negligent infliction of emotional distress (Count 10) must be dismissed because it is preempted by New York's Worker's Compensation Law

Testimony given by plaintiff at her deposition to the effect that she never signed an employment agreement with RSKO, and that she was at all times an at will employee of RSKO, compel dismissal of her claim for breach of her non-existent employment contract.

And plaintiff's state law breach of fiduciary duty claim—which arises out of the same conduct covered by her § 1140 claim—is preempted by ERISA, and so must be dismissed.[2]

Plaintiff's remaining claims will go to trial.

*Count 9, the intentional infliction of emotional distress claim, is time-barred*

■ The statute of limitations for intentional infliction of emotional is one year. CPLR 215; *Ross v. Louise Wise Services*, 8 N.Y.3d 478, 491, 836 N.Y.S.2d 509, 868 N.E.2d 189 (2007). Plaintiff was terminated on May 10, 2005. Her complaint alleging IIED was filed on December 5, 2007—two and one half years later. For that reason it must be dismissed.

■ Plaintiff, citing a few cases (including one from California), argues that the limitations period for her IIED claim was tolled while her EEO charge was pending. Plaintiff admits, however, that there is conflicting authority on the question. In this Circuit, the weight of persuasive authority is to the effect that there is no such toll. *Pasqualini v. MortgageIT., Inc.*, 498 F.Supp.2d 659, 668–69 (S.D.N.Y.2007). The Second Circuit has not yet officially taken a position on the question, but at least one panel has rejected the argument that the statute of limitations on state claims arising out of an employment relationship should toll while a related EEOC charge is pending, albeit in an opinion not officially reported. *Ashjari v. Nynex Corp.*, 1999 WL 464977 (2d Cir. June 22, 1999), *citing Johnson v. Railway Express*

**2.** The court already had this decision in draft when it received a letter from plaintiff purporting to withdraw her breach of contract and breach of fiduciary duty claims on the ground that they had been asserted in case the defendant firm's retirement plan was somehow not covered by ERISA.

*Agency, Inc.,* 421 U.S. 454, 465–66, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975)(filing of EEOC complaint does not toll statute of limitations on Section 1981 claim arising from the same events). This court, after painstaking analysis of the relevant precedents, has previously held that the pendency of an EEOC proceeding does not toll the running of a statute of limitations on other claims arising out of the employment relationship. *Hargett v. Metropolitan Transportation Authority,* 552 F.Supp.2d 393, 399–401 (S.D.N.Y.2008).

I perceive no basis to reach a different conclusion here.[3]

*Count 4 must be dismissed because it, too, is time barred.*

■ 29 U.S.C. § 1140 (commonly known as ERISA § 510) prohibits and employer from terminating an employee's employment for the purpose of preventing the vesting of rights, or additional rights, under an employee benefit plan. Plaintiff alleges that her employment was terminated when it was terminated in order to prevent her from vesting in an additional 20% of the employer contributions to RSKO's sponsored 401(k) plan, its retirement plan for employees—an amount estimated at more than $30,000 by plaintiff's expert.

■ Had this claim been timely brought, I could not have granted the motion for summary judgment dismissing it. While plaintiff adduced no direct testimony (i.e., an admission) from any partner of the firm that the firm intended to prevent her

from becoming vested in additional benefits under the plan, she has adduced evidence that she was told, on May 2, 2005, that "it would be best if [she] and the firm parted company in three months time," only to have that decision reversed eight days later, when she was told to leave immediately. This truncation of her employment was communicated to plaintiff by partner Larry Halperin, who happened to be one of the two trustees of the 401(k) plan. Plaintiff was due to vest in the additional 20% of the employer's contribution to her plan account during that three month period. This is sufficient to raise a genuine issue of material fact concerning the reason why defendants accelerated the date of plaintiff's departure.

■ However, the statute of limitations for a § 510 wrongful termination claim brought in New York is two years after the date of termination. *Sandberg v. KPMG Peat Marwick LLP,* 111 F.3d 331, 336 (2d Cir.1997). In this case, termination occurred on May 10, 2005, more than two and one half years prior to the filing of this lawsuit. As discussed above, this statute of limitations was not tolled simply because plaintiff had not yet received a right to sue letter on her EEOC charge. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465–66, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). By not bringing her § 510 claim before May 10, 2007, plaintiff forfeited her opportunity to do so.[4]

---

3. Plaintiff's decision not to bring her IIED claim timely in the New York State Supreme Court was probably wise, since viewing the evidence most favorably to her cause, there is no way this court would have allowed the claim to proceed to trial. The conduct alleged does not rise to the level of outrageousness or egregiousness required to maintain this most disfavored of claims under New York law. CITE

4. Defendants did not raise the § 510 statute of limitations argument in their original moving papers; it was mentioned for the first time in reply. However, in their answer to the complaint, defendants asserted the statute of limitations as a second affirmative defense, and it is not waived by their failure to argue it in their original moving papers.

*Count 10 is dismissed as barred by the Worker's Compensation Law*

■ Any claim that an employer negligently caused injury to an employee is preempted by New York's Worker's Compensation Law as long as the employer maintained as Worker's Compensation insurance policy. N.Y. Workers' Compensation Law § 50. Plaintiff admits that this prong of defendants' motion "could" have merit, but argues that defendants are barred from asserting their statutory right, either because they did not produce their policy during discovery or because they did not append the policy to their moving papers. Her argument is incorrect as a matter of law; it is the plaintiff's burden to prove that her employer did not maintain such insurance—not the defendant's burden to prove otherwise. *Rainey v. Jefferson Village Condo No. 11*, 203 A.D.2d 544, 546, 611 N.Y.S.2d 207 (2d Dept.1994). Plaintiff has offered not a scintilla of evidence to support her thesis that defendant did not carry such insurance.

To the extent that plaintiff relies on purported failures to produce the policy during discovery to bar defendants from proving their policy, I am not inclined to contravene New York State's strong public policy against employee versus employer negligence suits as a discovery sanction—especially since I have a hard time believing that RSKO's Director of Finance and Administration did not know that the firm was paying for Worker's Compensation coverage during her years of employment. The claim smacks of utter bad faith on plaintiff's part, not defendant's.

*Count 11 is preempted by ERISA*

■ In Count 11, plaintiff alleges that defendants, in their capacity as trustees and fiduciaries with respect to the 401(k) plan, breached their fiduciary duty to her by discharging her shortly before she would have become vested in additional benefits under the plan. This common law claim cannot be maintained because it—like all state law claims relating to the conduct of employee benefit plan fiduciaries—is preempted by ERISA. As the Supreme Court said in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), "Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." The fact that plaintiff neglected to bring her ERISA remedy in a timely manner, and so lost it, does not mitigate against preemption.

*Defendants' motion is otherwise denied*

Having cleared away the detritus from the complaint, we are left with what is really at issue: whether plaintiff has raised a genuine issue of material fact on her claims of gender discrimination (whether under city or federal law and whether those claims relate to disparities in the terms and conditions of her employment, to her allegations of hostile work environment, to her claim of gender-induced discharge, or to her claim of retaliation). As to those claims (Counts 1, 3, 5, 6 and 7), sufficient disputed factual issues exist to warrant a trial. The claims are not time barred, and to the extent the plaintiff alleges that she was subjected to a hostile work environment, she will be able to get in evidence of discrete incidents that are not actionable because they are too remote from the filing of her charge (for the Title VII claims) or from the date she filed her lawsuit (for the City Human Rights Law claims).

This matter will be tried on July 13, 2009. The final pre-trial conference will be held on July 1, 2009 at 10 AM. All in limine motions must be filed by May 22;

responses to in limine motions are due by May 29. The court does not accept reply papers on in limine motions. In limine motions will be decided orally at the final pre-trial conference. Please do NOT file an in limine motion seeking to bar all evidence of claims about discrete incidents that are time barred, because I have already ruled that such evidence will be admitted as relevant to plaintiffs hostile work environment claim; the jury will be appropriately instructed on the use to which such evidence can be put.

At the final pre-trial conference the parties MUST announce the names of the witnesses they will actually call and MUST be prepared to argue all objections to exhibits, as the witness list will be finalized that day and all objections will be ruled on that day, and all non-testimonial evidence will either be admitted or not admitted.

I would suggest that the parties cull the pre-trial order to eliminate any unnecessary information in view of the foregoing rulings.