■ MINNIE A. BARNES, Appellant, v JUNE LEE et al., Respondents.-

The instant action arises out of a three-car automobile accident that occurred on August 13, 1983. A vehicle operated by defendant Lee, proceeding southbound on the Bruckner Expressway, was brought to a complete stop behind a disabled vehicle. Several seconds later, plaintiff's vehicle also came to a complete stop behind Lee's, only to be rear-ended by a third vehicle, driven by defendant Wilson Segarra. The force of the impact caused plaintiff's vehicle to be pushed forward into defendant Lee's vehicle.

While negligence cases do not generally lend themselves to resolution by a motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any culpable conduct by the other (Morowitz v Naughton, 150 AD2d 536). Even if it were to be assumed that defendant's actions were somehow improper, plaintiff still bears the responsibility of demonstrating that defendant Lee's negligence was a substantial cause of the events which produced the injury (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315, rearg denied 52 NY2d 784, 829).

The instant record reveals that defendant Segarra was undeniably responsible for causing the accident, while defendant Lee was in no position to take any steps to either reasonably foresee or avoid the rear-end collision (see, Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950). Since plaintiff failed to establish the existence of a material, triable issue of fact, summary judgment was properly granted to defendant Lee. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.