■ IDA BELL, Respondent, v JOHN A. XANTHOPOULOS, Appellant, et al., Defendant. [609 NYS2d 428] —Cardona, P. J. Appeal (transferred to this Court by order of the Appellant Division, Second Department) from a judgment of the Supreme Court (Nicolai, J.), entered September 11, 1991 in Westchester County, which partially granted plaintiff's motion for summary judgment.

Plaintiff commenced this action by service of a summons and complaint to recover $28,123 allegedly loaned to defendant John A. Xanthopoulos (hereinafter defendant) and defendant Thorobrook Farms, Inc. between March 25, 1988 and December 2, 1988. Defendant is the president of Thorobrook, which operated a riding stable in the Town of Harrison, Westchester County. Following defendant's service of a *pro se* answer, plaintiff moved for summary judgment. Supreme Court granted partial summary judgment against defendant*

---

* Although Supreme Court found that Thorobrook was in default for its failure to appear in the action through an attorney *(see,* CPLR 321 [a]), it nevertheless denied summary judgment against Thorobrook because of

for sums totaling $23,123. Defendant appeals. Summary judgment was properly granted in plaintiff's favor, though not on the theory relied upon by Supreme Court (see, *State of New York v Peerless Ins. Co.,* 117 AD2d 370, 373).

In support of her motion, plaintiff submitted her affidavit and that of her father, Nicholas Calandro, stating in substance that defendant asked Calandro for money and that he (Calandro) arranged for plaintiff to loan the money to defendant personally; that the moneys were delivered to defendant and that, despite demands, none of the moneys had been repaid. Plaintiff also submitted documentary proof of her claim consisting of three handwritten documents on Thorobrook stationary, each signed by defendant, dated March 25, 1988, June 1, 1988 and December 2, 1988. The first acknowledges receipt of $5,000 from "Nicky". The second acknowledges a debt owed by Thorobrook to plaintiff in the amount of $22,123, payable in two years. The third is a promissory note containing a personal guarantee to pay either "Nick" or plaintiff the sum of $1,000 within 60 days.

In opposition to the motion for summary judgment, defendant submitted his affidavit. The affidavit stated in substance that defendant never borrowed the sum of $5,000 from Calandro, plaintiff or "anyone else *on March 25, 1988*" (emphasis supplied), that the other two debts were corporate debts and that he signed the other two documents in his representative capacity as "president" of Thorobrook.

In its decision, Supreme Court determined that the June 1, 1988 and December 2, 1988 documents were promissory notes on which defendant was personally liable because he signed them without a showing of representative capacity (see, UCC 3-403). This decision, as well as the arguments advanced by defendant, did not take into consideration the basis of plaintiff's motion for summary judgment. Plaintiff did not move for summary judgment in lieu of a complaint contending that the handwritten documents constituted "instrument[s] for the payment of money only" (CPLR 3213). She does not seek to recover moneys from defendant based upon his execution of promissory notes but upon his agreement, express or implied, to repay moneys he borrowed. On this motion, the three documents have no evidentiary value beyond showing the

plaintiff's failure to provide proof of service. Thorobrook is not a party to this appeal.

amounts of money and the dates on which defendant received them.

Because summary judgment is a drastic remedy, we have carefully scrutinized the affidavits in the light most favorable to defendant (see, *Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). Plaintiff's proof established that defendant received sums from her totaling $28,123, that said sums constituted a loan and that no part of these moneys has been repaid. With this proof plaintiff met her initial burden of demonstrating her entitlement to judgment as a matter of law (see, *Zuckerman v City of New York*, 49 NY2d 557, 562). The burden then shifted to defendant to come forward with evidentiary proof in admissible form establishing the existence of material issues of fact requiring a trial (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In this regard we note that defendant did not deny that he received moneys totaling $28,123, that these moneys came from plaintiff, that plaintiff made demands for repayment and that no part of the money has been repaid. Defendant did not maintain that the moneys he received were for payment of a debt owed to him or that they were a gift. He stated affirmatively that Thorobrook does not owe any money to plaintiff because Thorobrook never received any money from plaintiff. Defendant produced nothing to show that he was authorized by the board of directors to incur these debts. He offered no proof that the money was deposited to a corporate bank account, nor that the loans were carried as liabilities on the corporate books. Finally, defendant offered no explanation of how the corporation used the money it allegedly borrowed.

"[O]nly * * * a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (*Rotuba Extruders v Ceppos, supra*, at 231). Defendant's submissions lack the evidentiary facts necessary to raise a genuine question of whether Thorobrook was solely responsible for the repayment of the loans made by plaintiff. Therefore, Supreme Court's grant of summary judgment was proper but should have included the additional $5,000. We modify that portion of the judgment which denied summary judgment on this amount and grant it.

Mikoll, Crew III and Weiss, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for the amount of $5,000 relating to the March 25, 1988 document; motion

granted to that extent and summary judgment awarded to plaintiff for said amount; and, as so modified, affirmed.