■ YEVGENY YUSUPOV, Respondent, v SUPREME CARRIER CORPORATION et al., Respondents, and GEORGE J. MARMO, Appellant. [659 NYS2d 78] —In an action to recover damages for personal injuries, the defendant George J. Marmo appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated July 15, 1996, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

This action arises out of a multi-vehicle collision on a six-lane highway in Brooklyn. At the time of the accident the appellant's automobile was either slowing down or already stopped in the middle lane of the westbound portion of the highway because the traffic in front of him had come to a halt. A van owned by the defendant Supreme Carrier Corporation (hereinafter Supreme) and operated by the defendant Tze K. Law was proceeding in the left lane when Law noticed that an accident had occurred ahead of him. Law applied his brakes and the van skidded into the center lane, where it struck the rear of the appellant's vehicle. The van then traveled into a portion of the right lane, where it was struck by the plaintiff's vehicle. Following the commencement of this action, the appellant moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the evidence demonstrated his freedom from negligence in the happening of the accident. The Supreme Court denied the motion. We reverse.

The evidence presented on the motion for summary judgment, including the deposition transcripts of the parties and the police accident report, establishes as a matter of law that the appellant was not at fault in the happening of the accident. Indeed, there is absolutely no proof that the appellant operated his vehicle improperly or engaged in any conduct which helped bring about either the collision between the van and his automobile or the subsequent collision between the plaintiff's vehicle and the van (see, e.g., Rebecchi v Whitmore, 172 AD2d 600). Moreover, the appellant "was in no position to take any steps to either reasonably foresee or avoid the rear-end collision" (Barnes v Lee, 158 AD2d 414). Similarly, the invocation of the emergency doctrine by the defendants Tze K.

Law and Supreme is irrelevant to the issue of the appellant's freedom from negligence. Accordingly, the appellant is entitled to summary judgment dismissing the complaint and the cross claims insofar as asserted against him. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.