■ JOYCE SHENLOOGIAN et al., Respondents, v CARMOSINA PRESSIMONE, Appellant, and CARL C. ALLEYNE et al., Respondents. [669 NYS2d 843] —In an action, *inter alia,* to recover damages for personal injuries, the defendant Carmosina Pressimone appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated April 25, 1996, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that on the Court's own motion, Joyce Shenloogian, as administratrix of the estate of John Shenloogian, is substituted as a party plaintiff in the place of the deceased John Shenloogian, and the caption is amended accordingly; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

This action involves a four-car chain-reaction collision which occurred on the Bronx-Whitestone Bridge. The defendant Carmosina Pressimone applied her brakes when the vehicle in front of her stopped suddenly. The defendant Carl C. Alleyne was able to stop his vehicle behind Pressimone's without impact. In fact, he was stopped for a couple of seconds, eight to ten feet behind Pressimone's vehicle, when he was struck from behind by the vehicle which was operated by John Shenloogian (now deceased) and owned by the plaintiff Joyce Tamesian, which pushed his vehicle into Pressimone's. It is unclear whether Alleyne's vehicle was struck first by the Shenloogian vehicle, or whether the Shenloogian vehicle was itself first struck in the rear by a vehicle operated by the defendant Bernard Koether, causing it to then hit the Alleyne vehicle. Nevertheless, there is no indication that Pressimone's vehicle, although stopped suddenly, came into contact with the vehicle in front of it. Under these circumstances, there is no evidence of any action of Pressimone from which it could be inferred that any negligence on her part caused the plaintiffs' accident. Pressimone's actions were not a proximate cause of the plaintiffs' injuries (*see, Chamberlin v Suffolk County Labor*

*Dept.,* 221 AD2d 580; *Smith v Cafiero,* 203 AD2d 355). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.