■ JOSE GONZALEZ et al., Respondents, v ALPHONSE RANZIE, Defendant, and SADIE SAMUELS, Appellant. [678 NYS2d 294] —In an action to recover damages for personal injuries, etc., the defendant Sadie Samuels appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated March 9, 1998, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

This action arises from a three-vehicle chain collision which occurred when the front of the vehicle driven by the defendant Alphonse Ranzie collided with the rear of the vehicle driven by the plaintiff Jose Gonzalez, propelling it into the rear of the vehicle driven by the appellant. In moving for summary judgment, the appellant submitted evidence demonstrating that she had stopped for a red traffic signal. The evidence further demonstrated that the light had turned green and the appellant was still stopped, waiting for the cars in front of her to start moving, when Gonzalez's car collided with hers.

The evidence submitted by the appellant demonstrated prima facie that the accident was not caused by any negligence on her part (*see, Shenloogian v Pressimone,* 248 AD2d 374; *Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580; *Smith v Cafiero,* 203 AD2d 355). Because the plaintiffs failed to demonstrate the existence of a triable issue of fact, the Supreme Court should have granted the appellant's motion (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.