◼ KATHY ISLAR et al., Appellants, v PAULINE FARRAR et al., Respondents, et al., Defendants. (And Other Titles.) [709 NYS2d 817] —In related actions to recover damages for personal injuries, etc., the plaintiffs Kathy Islar and Charles Gonzales appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Huttner, J.), dated July 7, 1999, as granted that branch of the motion of the defendants Pauline Farrar and Matthew Farrar which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

These actions arise out of a three-car accident on July 15, 1994, at the intersection of Avenue T and East 17th Street in

Brooklyn. The appellants, Kathy Islar and Charles Gonzales, were passengers in a vehicle owned by the respondent Matthew Farrar and operated by the respondent Pauline Farrar, which was traveling west on Avenue T. A vehicle operated by Joseph Berchini, proceeding east on Avenue T, and a vehicle operated by Arkadiy Snol, traveling north on East 17th Street, collided at the intersection, and the Berchini vehicle was propelled into the westbound lane where it struck the Farrar vehicle.

The appellants subsequently commenced this action against the Farrars, Berchini, and others. The Supreme Court granted summary judgment dismissing their complaint insofar as asserted against the Farrars.

In their motion, the respondents established that the accident was not caused by any negligence on the part of Pauline Farrar, who was in no position to avoid the collision (*see, Rodriguez v Schwartz,* 257 AD2d 655; *Velez v Diaz,* 227 AD2d 615; *Florio v Baierlein,* 225 AD2d 584; *Wright v Morozinis,* 220 AD2d 496). The appellants failed to come forward with any evidence sufficient to raise a triable issue of fact regarding the respondents' liability for the accident (*see, Florio v Baierlein, supra; Wright v Morozinis, supra*). Consequently, the Supreme Court properly dismissed their complaint insofar as asserted against the respondents. Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.