■ ANTHONY LAPADULA, Plaintiff, v SANG SHING KWOK et al., Appellants, and ROBIN STEPHENS, Respondent. [743 NYS2d 168] —In an action, inter alia, to recover damages for personal injuries, the defendants Sang Shing Kwok and Mario Rappa separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated February 9, 2001, as granted that branch of the motion of the defendant Robin Stephens which was for summary judgment dismissing all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal arises out of a four-car collision which occurred on the southbound side of the Van Wyck Expressway where the lanes fork at its intersection with the Nassau Expressway in Queens. At his deposition, the plaintiff, Anthony Lapadula, testified that a yellow cab operated by the defendant Sang Shing Kwok crossed over into his lane and impacted his left rear quarter panel, causing his vehicle to leave the roadway and come to rest on a grassy embankment. The defendant Sang Shing Kwok testified that he was traveling in the second lane to the right when a vehicle that he never saw impacted the front passenger side of his vehicle, propelling it to the left where it was struck by two more vehicles before coming to rest in the left lane along the metal divider. According to the defendant Mario Rappa, a "brown colored" vehicle impacted the yellow cab, causing the cab to spin around towards his vehicle. The defendant Robin Stephens testified that before his impact he was traveling in the left lane when he observed the yellow cab career across three lanes of traffic, where it was struck by two other vehicles.

Stephens established his entitlement to summary judgment by submitting evidence demonstrating that the plaintiff's accident was not caused by any negligence on his part (see Islar v Farrar, 272 AD2d 580, 581; Shenloogian v Pressimone, 248 AD2d 374; Yusupov v Supreme Carrier Corp., 240 AD2d 660). In opposition to the motion, no evidence was presented from which it could be inferred that any negligence on the part of Stephens caused or contributed to the happening of the plaintiff's accident (see Islar v Farrar, supra; Shenloogian v Pressimone, supra). Accordingly, the Supreme Court properly granted summary judgment to Stephens.

Contrary to Rappa's contention, the grant of summary judgment to Stephens is not inconsistent with the denial of Rappa's prior motion for summary judgment (see Acampora v Davis,

203 AD2d 399). Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.