■ MATATYA NERYAEV, Respondent, v GENNADI SOLON, Appellant. [775 NYS2d 348]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated April 15, 2003, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In support of his motion for summary judgment on the issue of liability, the plaintiff established that while driving southbound in the center lane on Woodhaven Boulevard in Queens, the defendant's vehicle strayed from the adjacent left lane, entered the center lane in violation of Vehicle and Traffic Law § 1128 (a), and collided with the plaintiff's car. This evidence established the defendant's prima facie liability (*see DeBlasi v City of New York,* 306 AD2d 308 [2003]; *Calandra v Dishotsky,* 244 AD2d 376 [1997]). In opposition, the defendant failed to raise a triable issue of fact (*see Singh v Shafi,* 252 AD2d 494 [1998]).

The Supreme Court did not prematurely grant the motion without affording the defendant adequate discovery. Pursuant to CPLR 3212 (f), the court has discretion to deny a motion for summary judgment, or to order a continuance to permit affidavits to be obtained or disclosure to be had, if facts essential to justify opposition to the motion may exist but cannot then be stated. For the court to delay action on the motion, there must be a likelihood of discovery leading to such evidence. The mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process is insufficient (*see Frouws v Campbell Foundry Co.,* 275 AD2d 761 [2000]; *Mazzaferro v Barterama Corp.,* 218 AD2d 643 [1995]). In this case, there was no evidence that the plaintiff's car was being operated in excess of the speed limit (*cf. Romano v 202 Corp.,* 305

AD2d 576), or in any other way contributed to the happening of the accident. Thus, the defendant failed to demonstrate a need for additional discovery and the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.

The defendant's remaining contentions are without merit. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.