■ ANDRINER MERCHANT, Appellant-Respondent, v GREYHOUND BUS LINES, INC., et al., Respondents, et al., Defendant, and JIFFY TRUCKING INC., Appellant-Respondent. [846 NYS2d 315]—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated June 27, 2006, as granted those branches of the respective motions of the defendant Greyhound Bus Lines, Inc., and the defendants Peter Pan Bus Lines, Inc., and John Doe which were for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Jiffy Trucking, Inc., separately appeals from so much of the same order as granted those branches of the respective motions which were to dismiss its cross claims insofar as asserted against the defendants Greyhound Bus Lines, Inc., Peter Pan Bus Lines, Inc., and John Doe.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted the respective motions of the defendant Greyhound Bus Lines, Inc. (hereinafter Greyhound), and the defendants Peter Pan Bus Lines, Inc., and John Doe (hereinafter collectively Peter Pan) for summary judgment. Greyhound and Peter Pan both established, prima facie, that the subject accident was not caused by any negligence on their part (*see Lapadula v Sang Shing Kwok*, 295 AD2d 406 [2002]; *Islar v Farrar* 272 AD2d 580 [2000]. In opposition to this prima facie showing, the plaintiff and the defendant Jiffy Trucking, Inc., failed to come forward with any evidence sufficient to raise a triable issue of fact regarding the alleged liability of Greyhound and Peter Pan for the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court did not prematurely grant the motions without affording adequate discovery (see *Marcel v Chief Energy Corp.*, 38 AD3d 502, 503 [2007]; *Neryaev v Solon*, 6 AD3d 510 [2004]; *Karakostas v Avis Rent A Car Sys.*, 301 AD2d 632, 633 [2003]). The mere hope that evidence sufficient to defeat the motions might be uncovered during the discovery process is an insufficient basis for denying the motions (see *Neryaev v Solon*, 6 AD3d at 510; *Frouws v Campbell Foundry Co.*, 275 AD2d 761 [2000]). Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.