Order, Supreme Court, New York County (Paul G. Feinman, J.), entered August 19, 2008, which, to the extent appealed from, denied plaintiffs motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.
Plaintiff made a prima facie showing of negligence on the part of defendant Lang by submitting his affidavit indicating that the motor vehicle accident at issue occurred when Lang pulled out of a parking position and into a lane of moving traffic (see Vehicle and Traffic Law § 1128 [a]; Zummo v Holmes, 57 AD3d 366 [2008]; Calandra v Dishotsky, 244 AD2d 376, 377 [1997]).
In opposition, defendants failed to raise an issue of fact. Defendant Lang never disputed in his affidavit that the accident occurred when he pulled out of a parking spot into plaintiffs lane of traffic. In addition, while he asserted that he checked both his side view and rearview mirrors before going forward, he never indicated whether he observed plaintiffs vehicle or whether he ascertained that it was safe to proceed. Defendants also failed to raise an issue of fact as to comparative negligence on the part of plaintiff. Indeed, there was no indication that plaintiff was speeding prior to the accident or that he contributed in any way to the accident (see Zummo v Holmes, 57 AD3d 366 [2008]; Neryaev v Solon, 6 AD3d 510, 511 [2004]). Lang’s assertion in his affidavit that plaintiffs vehicle struck his vehicle from behind on his driver’s side wheel well, is not sufficient to raise a triable issue as to whether plaintiff was comparatively negligent. As plaintiff asserts, she had the right-of-way and *600 “was entitled to anticipate that [defendant] would obey traffic laws which required [him] to yield” (Ward v Cox, 38 AD3d 313, 314 [2007], quoting Jacino v Sugerman, 10 AD3d 593, 595 [2004]). Defendant’s argument that summary judgment is premature because the record is devoid of deposition testimony or “other documentation . . . that might further illuminate the issues raised by the parties’ affidavits” is unavailing. The mere hope that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny such a motion (see Neryaev, 6 AD3d at 510511). Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ. [See 20 Misc 3d 1140(A), 2008 NY Slip Op 51801(U).]