■ LEON BIDDY et al., Respondents, v DOMINIQUE LAWRENCE E. VANMALTKE et al., Respondents and JULIAN A. SCHWARTZ et al., Appellants. (And Another Title.) [889 NYS2d 239]—

In an action to recover damages for personal injuries, etc., the defendants Julian A. Schwartz and Ellen Schwartz appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated July 1, 2008, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendants Julian A. Schwartz and Ellen Schwartz for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

This action arises from a multivehicle collision on the Cross Bronx Expressway on the afternoon of May 1, 2004. The defendant Dominique Lawrence E. Vanmaltke was driving a Dodge Caravan minivan in the right lane of the eastbound roadway of the expressway, when his car was cut off by a Lincoln Town Car which entered the right lane from an entrance ramp. Vanmaltke testified at a deposition that in an attempt to avoid making contact with the Lincoln Town Car, he steered to the left and, in doing so, made contact with a tractor trailer being driven in the center lane by the plaintiff Leon Biddy (hereinafter the plaintiff), causing it to veer into the left lane and strike a 2002 Lexus motor vehicle operated by the appellant Julian A. Schwartz (hereinafter the appellant), and owned by the appellant Ellen Schwartz, which was proceeding straight ahead in

the left lane. As the plaintiff reached for his air brakes to bring his truck to a stop, he was struck from behind by a tractor trailer being operated by the defendant Alexander D. Jerbo and owned by the defendant Werner Enterprises, Inc.

After issue was joined, the appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The evidence presented by the appellants on their motion for summary judgment, including the deposition transcripts of the parties and the police accident report, established, prima facie, that the appellant was not at fault in the happening of the accident and, therefore, could not bear any culpability for the plaintiff's injuries (*see Merchant v Greyhound Bus Lines, Inc.*, 45 AD3d 745 [2007]; *Fiorentino v Martin*, 9 AD3d 380 [2004]; *Lapadula v Sang Shing Kwok*, 295 AD2d 406 [2002]; *Yusupov v Supreme Carrier Corp.*, 240 AD2d 660 [1997]). There is no proof that the appellant operated his vehicle improperly or engaged in any conduct which helped bring about either the collision between his motor vehicle and the plaintiff's truck or the subsequent rear-end collision involving the two trucks. Moreover, the appellant was " 'in no position to take any steps to either reasonably foresee or avoid' " the collision between his automobile and the plaintiff's truck (*Yusupov v Supreme Carrier Corp.*, 240 AD2d at 660, quoting *Barnes v Lee*, 158 AD2d 414 [1990]). In opposition to the motion, the plaintiff and the appellants' codefendants failed to raise a triable issue of fact (*see* CPLR 3212 [b]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment. Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.