■ VASSAR COLLEGE et al., Appellants, v DIAMOND STATE INSURANCE COMPANY et al., Respondents, et al., Defendant. [923 NYS2d 124]—

In an action, inter alia, for a judgment declaring the priority of insurance coverage obligations, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Sproat, J.), dated June 15, 2010, which granted the motion of the defendant Scottsdale Insurance Company for partial summary judgment declaring that, in an underlying personal injury action entitled *McGlinchey v Vassar Coll.*, commenced in the Supreme Court, Bronx County, under index No. 7089-2005, the coverage provided to the plaintiff Vassar College, under a certain policy of insurance issued by the defendant Scottsdale Insurance Company to the defendant Kirchhoff Construction Management, Inc., is excess to the coverage provided to the plaintiff Vassar College under a certain policy of umbrella liability insurance issued by the plaintiff United Educators Insurance, and granted the cross motion of the defendant Diamond State Insurance Company for partial summary judgment declaring that, in the same underlying personal injury action, the coverage provided to the plaintiff Vassar College, under a certain policy of insurance issued by the defendant Diamond State Insurance Company to the defendant Kirchhoff Construction Management, Inc., is excess to the coverage provided to the plaintiff Vassar College under the same policy of umbrella liability insurance issued by the plaintiff United Educators Insurance.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents, the motion for partial summary judgment and the cross motion for partial summary judgment are denied, upon searching the record, partial summary judgment is awarded to the plaintiffs declaring that the policy of umbrella liability insurance issued to the plaintiff Vassar College by the plaintiff United Educators Insurance is excess to any coverage provided to the plaintiff Vassar College by the defendants Diamond State Insurance Company and Scottsdale Insurance Company, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings on the remaining causes of action, and the entry thereafter of an appropriate judgment, including a declaration in accordance herewith.

In 2003, the plaintiff Vassar College (hereinafter Vassar) hired

the defendant Kirchhoff Construction Management, Inc. (hereinafter Kirchhoff), to perform certain construction work on premises owned by Vassar. At all relevant times, Vassar was insured by the plaintiff United Educators Insurance (hereinafter United Educators), under a primary general liability insurance policy (hereinafter the UE primary policy), as well as an umbrella liability insurance policy (hereinafter the UE umbrella policy). Kirchhoff had a commercial general liability insurance policy issued by ACE Property and Casualty Insurance Company (hereinafter ACE), a policy denominated as a commercial umbrella liability policy issued by the defendant Diamond State Insurance Company (hereinafter Diamond), and an excess liability policy issued by the defendant Scottsdale Insurance Company (hereinafter Scottsdale). The contract between Vassar and Kirchhoff required Kirchhoff to have Vassar named as an additional insured on its policies.

A Kirchhoff employee, who allegedly was injured while performing work pursuant to Kirchhoff's contract with Vassar, commenced a personal injury action against Vassar. ACE accepted coverage, as did United Educators under the UE primary policy. Diamond and Scottsdale, however, disclaimed coverage on late-notice grounds.

Vassar then commenced the instant action, eventually joining United Educators as a plaintiff. The complaint, inter alia, sought a judgment declaring that any coverage afforded to Vassar under the UE umbrella policy was excess to any coverage provided by Diamond or Scottsdale. Scottsdale then moved for partial summary judgment declaring that any coverage obligation on its part would not be triggered until the limits of all other policies, including the UE umbrella policy, had been exhausted. Diamond cross-moved for partial summary judgment declaring that any coverage obligation on its part would not be triggered until the limits of all other policies (with the exception of the Scottsdale policy), including the UE umbrella policy, had been exhausted. The Supreme Court granted the motion and the cross motion, and the plaintiffs appeal.

The Supreme Court erred in its determination of the priority of coverage. The insuring agreement of the UE umbrella policy provides that coverage under that policy is triggered only after exhaustion of the UE primary policy and "any other insurance available to the Insured." Contrary to the Supreme Court's determination, certain language appearing elsewhere in the insuring agreement does not transform that policy, for all purposes, into a policy of primary insurance. Interpreting the insuring agreement in that fashion would render the clause referring to

"any other insurance" a nullity. "An insurance contract should not be read so that some provisions are rendered meaningless" (*County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1994]; *see Nautilus Ins. Co. v Matthew David Events, Ltd.*, 69 AD3d 457, 460 [2010]; *Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46, 49 [1985], *affd* 66 NY2d 1020 [1985]).

The policy issued by Diamond provides that Diamond will pay the excess of the "retained limit," which is defined, in pertinent part, as the sum of the underlying insurance provided by the ACE policy (which is primary insurance) and "[o]ther collectible *primary* insurance" (emphasis added). As noted above, the UE umbrella policy is not a policy of primary insurance and, in contrast to the language of the Diamond policy, provides that it is not triggered until exhaustion of the UE primary policy and "*any* other insurance available to the insured" (emphasis added), be it primary or otherwise. "[A]n insurance policy which purports to be excess coverage but contemplates contribution with other excess policies or does not by the language used negate that possibility must contribute ratably with a similar policy, but must be exhausted before a policy which expressly negates contribution with other carriers, or otherwise manifests that it is intended to be excess over other excess policies" (*State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 375-376 [1985]; *see Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 372 [1998]). Here, the UE umbrella policy is clearly intended to be excess over the Diamond policy, whereas the Diamond policy contemplated contribution with other excess policies. Accordingly, the Diamond policy must be exhausted before the UE umbrella policy is triggered.

Additionally, because the indemnity obligation under the Scottsdale policy accrues immediately after the Diamond policy is exhausted, the Scottsdale policy must also be exhausted before the UE umbrella policy is triggered.

In light of our determination, we need not address the parties' remaining contentions.

Accordingly, Scottsdale's motion and Diamond's cross motion should have been denied. Furthermore, since the issue of the priority of insurance coverage obligations was the subject of the motion and cross motion before the Supreme Court, and there are no triable issues of fact regarding the proper priority, we search the record and award the plaintiffs partial summary judgment declaring that the UE umbrella policy is excess to any coverage provided to Vassar by Diamond and Scottsdale (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106 [1984]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for further proceedings on the remaining causes of action, and the entry thereafter of an appropriate judgment, inter alia, declaring that the policy of umbrella liability insurance issued to Vassar by United Educators is excess to any coverage provided to Vassar by Diamond and Scottsdale (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.