■ SANDRA LAMORE, Plaintiff, v GEORGE PANAPOULOS et al., Respondents, and MICHAEL K. MATTHEWS, Appellant. [994 NYS2d 640]—

In an action to recover damages for personal injuries, the defendant Michael K. Matthews appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated June 13, 2013, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Michael K. Matthews for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

In support of his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, the defendant Michael K. Matthews (hereinafter the defendant) established his prima facie entitlement to judgment as a matter of law. The defendant submitted an affidavit in support of the motion in which he averred that his vehicle, which was involved in a four vehicle rear-end collision, was lawfully stopped behind the plaintiff's vehicle before it was struck from behind by a vehicle operated by another defendant (*see Raimondo v Plunkitt*, 102 AD3d 851, 852 [2013]; *Breton v Adler*, 281 AD2d 380, 380 [2001]; *Hoffman v Eastern Long Is. Transp. Enter.*, 266 AD2d 509, 510 [1999]).

In opposition to the motion, neither the plaintiff nor either codefendant raised a triable issue of fact as to whether the defendant caused or contributed to the collision between the vehicles of the plaintiff and the defendant (*see Merchant v Greyhound Bus Lines, Inc.*, 45 AD3d 745, 746 [2007]; *Marietta v*

*Scelzo*, 29 AD3d 539, 540 [2006]; *Smith v Cafiero*, 203 AD2d 355, 356 [1994]).

In addition, a grant of summary judgment is not premature merely because discovery has not been completed (*see Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026 [1983]; *Butler v Petrova*, 116 AD3d 580, 580 [2014]; *Merchant v Greyhound Bus Lines, Inc.*, 45 AD3d at 746; *Johnson v Phillips*, 261 AD2d 269, 272 [1999]). The mere hope that evidence sufficient to defeat the motion might be uncovered during the discovery process is an insufficient basis for denying the motion (*see Merchant v Greyhound Bus Lines, Inc.*, 45 AD3d at 746; *Butler v Petrova*, 116 AD3d at 580; *Neryaev v Solon*, 6 AD3d 510 [2004]).

Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment. Rivera, J.P., Hall, Miller and Duffy, JJ., concur.