First Advantage LNS, Inc. v LexisNexis Risk Solutions, Inc. (2018 NY Slip Op 00394)





First Advantage LNS, Inc. v LexisNexis Risk Solutions, Inc.


2018 NY Slip Op 00394


Decided on January 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2018

Sweeny, J.P., Richter, Andrias, Webber, Oing, JJ.


653812/15 5509 5508

[*1]First Advantage LNS, Inc., et al., Plaintiffs-Appellants,
v
LexisNexis Risk Solutions, Inc., Defendant-Respondent.


Mayer Brown LLP, New York (Evan M. Tager and Daniel F. Fisher of counsel), for appellants.
Morrison & Foerster LLP, New York (Joseph R. Palmore of counsel), for respondent.



Judgment, Supreme Court, New York County (Kathryn E. Freed, J.), entered February 17, 2017, which, among other things, dismissed the amended complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 2, 2017, which granted defendants' motion to dismiss the amended complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court correctly dismissed plaintiffs' indemnification claims for the cases Freckleton and Baker, as neither is within defendant's indemnification obligations under the Purchase Agreement. Neither case is among the specific "matters set forth below" in Schedule 9.1(j) of the agreement. Nor were the Freckleton and Baker cases "resulting from, attributable to, based upon or arising out of" Goode and Goodman v LexisNexis Risk & Information Analytics Group, Inc. (the G & G Action), one of the matters "set forth below" on Schedule 9.1(j). The Freckleton and Baker suits could have been brought even had the G & G Action never been commenced, and they result from, and are based on, defendant's alleged conduct, not the G & G Action.
Plaintiffs' construction of 9.1(j)(i) renders 9.1(j)(ii) redundant. Were the phrase in 9.1(j)(i) "[t]hose matters set forth below" read to include anything other than the specific matters listed, there would have been no need to include the provision at 9.1(j)(ii) involving the same or similar parties, with the same or similar legal issues applied to the same or similar facts or subject matter. We reject plaintiffs' efforts to fit Baker, which postdated the limitations period of 9.1(j)(ii), into 9.1(j)(i). A contrary holding would impermissibly strip that provision of all force and effect (see Nautilus Ins. Co. v Matthew David Events, Ltd., 69 AD3d 457, 460 [1st Dept 2010]).
We also reject plaintiffs' efforts to fit Freckleton into Schedule 9.1(j)(ii), as plaintiffs disregard or contort that subsection's caveat: "to the extent such matters below are claims by a Governmental Entity or private class-action." To fit within (j)(ii), Freckleton's claims needed to be the same or similar to the class-action claims asserted in the G & G Action, which they are not.
The class-wide claims in G & G are based on different statutory provisions, and do not depend on the accuracy of information in an individual's screening report. In contrast, Freckleton's claim, like the G & G Action individual claims, depends on the accuracy of the reported information (see 15 USC § 1681g). Moreover, the facts in the G & G Action class-wide claims are not "substantially similar" to Freckleton's. Freckleton's claim turns on circumstances specific to each individual employee. In contrast, the G & G Action's class-wide claims concern defendant's alleged systemic failures to provide advance notice or disclose requested information.
We disagree that Freckleton and the G & G class claims are substantially similar because both concern Fair Credit Reporting Act violations in the context of the Esteem database. Were this general category the intended scope of indemnification, the parties, sophisticated corporate [*2]entities on both sides, could have so indicated. However, the specific language of Schedule 9.1(j) shows that they did not, and we should not read the agreement to imply what they chose not to include (see Ashwood Capital, Inc. v OTG Mgt., Inc., 99 AD3d 1, 7 [1st Dept 2012]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2018
CLERK