Licata v Cuzzi (2018 NY Slip Op 03348)





Licata v Cuzzi


2018 NY Slip Op 03348


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-09350
2016-11591
 (Index No. 472/16)

[*1]William Licata, respondent,
v Carlo Cuzzi, appellant.


Cole Schotz P.C., New York, NY (Brian Gardner and David T. Meglino of counsel), for appellant.
Lamb & Barnosky, LLP, Melville, NY (Joel M. Markowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered July 26, 2016, and a judgment of the same court entered October 7, 2016. The order granted the plaintiff's motion for summary judgment on the complaint. The judgment, upon the order, awarded the plaintiff the total sum of $53,437.50.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover damages for breach of contract, and moved for summary judgment on the complaint after issue was joined. In support of his motion for summary judgment, the plaintiff submitted his own affidavit in which he averred, among other things, that on November 28, 2014, he loaned the defendant the sum of $200,000 by issuing a personal check to him in that amount. He submitted a copy of a canceled check demonstrating that the check was deposited into the defendant's personal bank account. According to the parties' verbal agreement, the defendant was required to repay the loan to the plaintiff in four quarterly installments of $50,000, with the last installment due on November 28, 2015. The plaintiff averred that the defendant made the first three quarterly payments, but failed to make the last payment. The plaintiff submitted canceled checks showing that the defendant made three of the quarterly payments totaling the sum of $150,000. The plaintiff averred that, upon demand, the defendant refused to pay the last [*2]installment. The plaintiff's submission of his affidavit, along with the canceled checks, was sufficient to meet his burden of establishing his prima facie entitlement to judgment as a matter of law (see Bell v Xanthopoulos, 202 AD2d 910, 911; Costantini v Bimco Indus., 125 AD2d 531, 531).
In opposition, the defendant failed to raise a triable issue of fact. The defendant's affidavit did not rebut the plaintiff's evidence showing, inter alia, that the plaintiff loaned him the sum of $200,000, that the defendant made three of the installment payments, and that the defendant failed to make the last payment. The defendant's unsupported, vague, and conclusory allegations of alleged wrongdoing on the part of the plaintiff or a company affiliated with the plaintiff were insufficient to raise a triable issue of fact (see Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 707; Jin Sheng He v Sing Huei Chang, 83 AD3d 788, 789; Ihmels v Kahn, 126 AD2d 701, 702). Moreover, given that the information necessary to oppose the motion was within the personal knowledge of the defendant, summary judgment was not premature. "The mere hope that evidence sufficient to defeat the motion might be uncovered during the discovery process is an insufficient basis for denying the motion" (Lamore v Panapoulos, 121 AD3d 863, 864; see Merchant v Greyhound Bus Lines, Inc., 45 AD3d 745, 746).
Accordingly, we agree with the Supreme Court that the plaintiff was entitled to summary judgment on the complaint.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court