Northfield Ins. Co. v Golob (2018 NY Slip Op 05773)





Northfield Ins. Co. v Golob


2018 NY Slip Op 05773


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-08110
 (Index No. 30698/14)

[*1]Northfield Insurance Company, respondent, 
v
Shmuel Golob, et al., appellants.


Richard A. Danzig, White Plains, NY (Donald S. Campbell of counsel), for appellants.
Kenney Shelton Liptak Nowak LLP, Buffalo, NY (Adam R. Durst, Judith Treger Shelton, and Jessica L. Foscolo of counsel), for respondent.



DECISION & ORDER
In a declaratory judgment action, the defendants appeal from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated July 7, 2017. The order granted the plaintiff's motion for summary judgment, in effect, declaring that it is not obligated to defend or indemnify the defendant in the underlying action, and denied the defendants' cross motion for summary judgment, in effect, declaring that the plaintiff is so obligated.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment making the appropriate declaration in accordance herewith.
The defendants contracted with nonparty ADT, LLC (hereinafter ADT), for the performance of certain services at their home. While performing those services, nonparty Daniel Christensen, an ADT employee, allegedly was injured. Christensen commenced a personal injury action against the defendants, among others (hereinafter the underlying action), and the defendants tendered a claim to the plaintiff, Northfield Insurance Company, which had issued them a general liability policy. The plaintiff disclaimed coverage based upon a policy exclusion, which excluded coverage for bodily injury sustained by any person "employed by . . . any organization that . . . [c]ontracted with [the named insured] or with any insured for services" where the injuries "[arose] out of and in the course of employment by that organization."
The plaintiff thereafter commenced this action for a judgment declaring that it was not obligated to defend or indemnify the defendants in the underlying action. The plaintiff moved for summary judgment, in effect, declaring that it was not so obligated, claiming that the exclusion applied. The defendants cross-moved for summary judgment, in effect, declaring that the plaintiff was so obligated, contending that the exclusion did not apply because ADT had been instructed to hold off performing the work, and for that reason, Christensen was "nothing more than a trespasser" on the property at the time of the accident. In the order appealed from, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
"To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint [in the underlying action] cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175; see Exeter Bldg. Corp. v Scottsdale Ins. Co., 79 AD3d 927, 929).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting evidence that the defendants contracted with ADT for the performance of services, that Christensen was employed by ADT, and that Christensen was acting in the course of that employment at the time he was injured at the defendants' premises. These facts demonstrated that the claimed exclusion applied to the allegations of the complaint (cf. Nautilus Ins. Co. v Matthew David Events, Ltd., 69 AD3d 457, 460). In opposition, the defendants failed to raise a triable issue of fact. The alleged fact that ADT performed the work earlier than instructed did not demonstrate the potential inapplicability of the exclusion, as it did not negate the fact that the work was performed pursuant to a contract with the defendants, or that Christensen was acting within the scope of his employment with ADT at the time he was injured.
There is no merit to the defendants' contention that the plaintiff's motion should have been denied as premature. A summary judgment motion is not premature merely because discovery has not been completed (see Chemical Bank v PIC Motors Corp., 58 NY2d 1023, 1026; Lamore v Panapoulus, 121 AD3d 863, 864). "A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant" (Reynolds v Avon Grove Props., 129 AD3d 932, 933; see Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329). Here, the defendants failed to make such a showing.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment, in effect, declaring that it is not obligated to defend or indemnify the defendants in the underlying action, and, for the same reasons, to deny the defendant's cross motion for summary judgment, in effect, declaring that the plaintiff is so obligated. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants in the underlying action, entitled Christensen v Golob, pending in the Supreme Court, Suffolk County, under index number 62302/13 (see Lanza v Wagner, 11 NY2d 317, 334).
LEVENTHAL, J.P., SGROI, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court