Menlo Energy Fla., LLC v Certain Underwriters at Lloyds London (2023 NY Slip Op 00817)

Menlo Energy Fla., LLC v Certain Underwriters at Lloyds London

2023 NY Slip Op 00817

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 650271/14 Appeal No. 17326 Case No. 2022-01081 

[*1]Menlo Energy Florida, LLC, Plaintiff-Appellant,
v
Certain Underwriters at Lloyds London, etc., et al., Defendants-Respondents.

Costigan Law PLLC, New York (William F. Costigan of counsel), for appellant.
The Chartwell Law Offices, LLP, New York (Matthew Kraus of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about October 28, 2021, which granted the motion of defendants Certain Underwriters at Lloyds London Subscribers Under Policy Number B1134297401 and Great Lakes Reinsurance (UK) PLC (collectively, Underwriters) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The notice provision in an insurance policy "is a condition precedent to coverage and, absent a valid excuse, the failure to satisfy the notice requirement vitiates the policy" (Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 42 [1st Dept 2002]). The notice provision at issue states:
"It is a condition precedent to liability that in the event of loss or damage insured under this Policy the insured shall give notice of loss or damage to Underwriters hereon as soon thereafter as practicable, and in any event within sixty (60) days of the date of loss after which any claim shall become forfeit."
The provision stated in the conjunctive (see Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 75 [1989]), and principles of contract interpretation preclude a court from adopting a construction of a policy that leaves a provision without force and effect (see Nautilus Ins. Co. v Matthew David Events, Ltd., 69 AD3d 457, 460 [1st Dept 2010]). The policy therefore required the insured to satisfy two distinct conditions to satisfy its notice obligations: (i) to provide Underwriters with notice of the loss or damage as soon as practicable; and (ii) to provide Underwriters with notice within 60 days of the date of loss.
An insurance policy provision that requires the insured to provide notice "as soon as practicable," like the provision at issue here, "mandates that notice be given within a reasonable time under the circumstances" ( Heydt Contr. Corp. v American Home Assur. Co., 146 AD2d 497, 498 [1st Dept 1989]). The insured knew, by July 25, 2013, that the vacuum blower at its plant was vibrating excessively and leaking oil internally from its seals, and that the loss of the vacuum blower would force the shutdown of all operations at the refinery for a significant period. Although the date notice was provided is disputed, whether looking at the earliest date (September 14, 2013) or the latest date (September 25, 2013), the insured's notice was not "as soon as practicable" or reasonable. Prejudice is not an issue in this case, as Insurance Law § 3420, which requires liability insurers to demonstrate prejudice, "applies only to claims for death and bodily injury" (Travelers Indem. Co. v Orange & Rockland Utils., Inc., 73 AD3d 576, 577 [1st Dept 2010], lv dismissed 15 NY3d 834 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023